FRANK AUSTIN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield March 28, 1882.*

CRIMINAL PRACTICE—*comments on defendant's neglect to testify.* Any allusion to or comments by the prosecution in a criminal case on the fact the defendant has not testified as a witness in his own behalf, especially when allowed by the court over the defendant's objection, is such a violation of the letter and spirit of the statute, and such an error, as to require a reversal of a judgment of conviction, when the proofs of guilt are not so clear and conclusive that the court can affirmatively say the accused could not have been harmed from that cause.

WRIT OF ERROR to the Circuit Court of Adams county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

Messrs. SCOFIELD & SCOFIELD, and Messrs. EWING & HAMILTON, for the plaintiff in error.

Mr. JAMES McCARTNEY, Attorney General, for the People.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Austin was convicted in the circuit court of the county of Adams, upon an indictment charging him with the crime of rape. The indictment was found in the circuit court of the county of Hancock, and the cause was removed to Adams county, by change of venue.

We have carefully examined and considered all the proofs given upon the trial, and they fail to convince us of the truth of the charge. It may be that if the cause had been properly submitted to the jury, we might not feel compelled to disturb the conviction on merely a consideration of the evidence, but the record shows what we regard as manifest error, which may have seriously affected the result of the trial.

On the trial the accused did not testify. In the opening argument to the jury by the State's attorney of Adams county, he, among other things, said to the jury: "There are only two persons in this wide world who absolutely know whether the offence charged has been committed—the prosecuting witness and the defendant. She swears positively that the crime was committed, and the defendant has not testified on this trial, although"— At this point his remarks were interrupted by an objection interposed by counsel for the accused. The court said to the State's attorney, "It is not proper for you to allude to the fact that the defendant has not testified in the case," and that attorney made no further allusion to that fact in his argument.

After argument in behalf of the accused, in which Mr. Scofield took part, the closing argument was made by Mr. Mason, the State's attorney of the county of Hancock, who assisted the State's attorney of the county of Adams in the conduct of the prosecution. In that closing argument Mr. Mason, among other things, said: "Mr. Scofield, in his argument for the defendant, has quoted to you the maxim of Lord HALE, to the effect that rape is a crime easily charged, hard to be proven, and more difficult to be defended, and has pressed it home to the minds of the jury with much amplification and great force of reason. This was once a very celebrated maxim, and no doubt a very just one. But the letter of the law and the spirit of the law have undergone great change. In the time of Lord HALE rape *was* a crime easily to be charged and hard to be defended, for the very

reason the nature of the crime was such that in all human probability it would be committed out of the presence of all persons except the defendant and the prosecutrix.   By policy of the common law, the mouth of the defendant was sealed during the trial.   This is no longer the case in our State. The defendant now has a right to give his version of the affair.   Since the legislature passed a statute giving the defendant in criminal cases the right to testify in his own behalf, it can no longer be said as a maxim of law that rape is a crime hard to be defended.   So far as the spirit of law is now fixed by a statute, I know of no crime on the statute book the charge of which is more easily to be defended against than the crime of rape."

To these statements of Mr. Mason, at the time they were made, the defendant objected, but the court overruled the objection, and permitted the statements to go to the jury,— to which ruling of the court the defendant then and there excepted.

Section 426 of our Criminal Code (Rev. Stat. 1874, p. 410,) after providing that in criminal cases the accused may, on his own motion, testify in the case, declares in a proviso that "his neglect to testify *shall not create any presumption against him,* nor shall the court permit *any reference* or comment to be made to or upon such neglect."   In this case there was a reference made to the neglect of the accused to testify, not only in the opening argument for the prosecution (which was rebuked by the court), but also in the concluding argument for the prosecution, where Mr. Mason was expressly permitted by the court to insist that Lord HALE's suggestions as to the caution to be exercised by juries and courts in cases of alleged rape are no longer applicable to such cases, since "the legislature passed a statute giving the defendant in criminal cases the right to testify in his own behalf."   The letter and spirit of this statute were both obviously violated in these proceedings.   When the statute says that *no pre-*

*sumption* against the accused shall be created by his neglect
to testify, it clearly meant that in cases where the defendant
should not choose to avail himself of the privilege offered by
the statute, the trial should be conducted in the same manner,
and upon the same presumptions, as if the statute had not
been passed. It was plainly, then, error in the circuit court
to permit counsel to insist before the jury, that by reason of
the passage of that statute the presumptions of law formerly
applicable to such cases had become inapplicable.

It is, perhaps, not easy to say how courts can best enforce
this proviso forbidding allusion or reference to the fact of the
neglect of the accused to testify. Though the court may
promptly arrest remarks of this kind, and even punish coun-
sel for contempt in violating the rule laid down by the statute,
still, if reference has in fact been made in the hearing of the
jury, the mischief has been done, and can not be undone by
the court in the progress of that trial.

We do not see that this statute can well be completely
enforced, unless it be adopted as a rule of practice that such
improper and forbidden reference by counsel for the prosecu-
tion shall be regarded good ground for a new trial, in all
cases where the proofs of guilt are not so clear and con-
clusive that the court can say affirmatively the accused could
not have been harmed from that cause. In this case the
proofs, all considered, are not of such convincing character.
The verdict in this case ought to have been set aside on
account of the violation of this provision of the statute. In
the absence of most satisfactory proof of guilt, no convic-
tion, obtained through a palpable and willful violation of law
(to the prejudice of the accused) done by the officers of the
law conducting the prosecution, should be allowed to stand.

Upon these considerations the judgment of conviction is
reversed, and the cause is remanded for a new trial.

*Judgment reversed.*

Mr. Chief Justice Craig: I do not regard the remarks of the State's attorney ground for reversal of the judgment. What he said was merely in reply to an argument made by counsel for the defence, and as a reply was not improper.

Mr. Justice Walker: I am unable to hold that what was said, in the manner it was said by the prosecuting attorney, is such error as should reverse. It was highly reprehensible on the part of those officers, but that does not necessarily constitute error.