## STATE *vs.* WILLIAM J. JOHNSON.*

1. CRIMINAL LAW—EVIDENCE—BEST AND SECONDARY EVIDENCE—CONTRA-
   DICTION OF WITNESS.

   Defendant was not entitled, after handing a paper to the prosecuting wit-
   ness for identification of her signature only, to ask, for the purpose of contra-
   dicting her, whether she did not sign a paper or statement in the presence
   of another and swear that what was contained in the paper was true, etc.,
   or embody in a question the contents of the alleged affidavit, since, if the paper
   was admissible, it was the best evidence of its contents.

2. CRIMINAL LAW—TRIAL—ARGUMENT OF COUNSEL—DEFENDANT'S FAIL-
   URE TO TESTIFY.

   A remark by the Attorney General to the jury that defendant did not go
   on the stand and deny a certain fact, though erroneous as a comment on
   defendant's failure to testify, in violation of *Rev. Code* 1852, amended to 1893,
   *p.* 798, (19 *Del. Laws, c.* 777) § 1, was cured by its immediate withdrawal by
   the attorney and exclusion by the court, and by the charge that defendant's
   failure to testify should not influence the jury in any degree in reaching a
   verdict.

   (*November* 15, 1912.)

Judges BOYCE and RICE sitting.

*Andrew C. Gray*, Attorney General, for the state.

*Lilburne Chandler* and *J. Frank Ball* for the defendant.

Court of General Sessions, New Castle County, November
Term, 1912.

Indictment of William J. Johnson for selling liquor without a
license. Verdict guilty, and motion for new trial denied.

INDICTMENT (No. 62, September Term, 1912), charging
"that William J. Johnson, late of Wilmington Hundred, in New
Castle County, on the twenty-fifth day of August, 1912, with
force and arms at Wilmington Hundred in the county aforesaid,
in a certain house there situate to wit, in the City of Wilmington,
county aforesaid, on Walnut Street between Ninth and Tenth
streets in said city, known as 909 Walnut Street, and in which
said house the business of selling intoxicating liquors was then
and there carried on; he the said William J. Johnson did then
and there unlawfully sell intoxicating liquor, to wit, lager beer,
to one Elizabeth Burton, he the said William J. Johnson not then

*See perjury case against same defendant, 84 *Atl.* (*Del.*) 1040.

and there having a proper license to sell intoxicating liquor according to law, against the form of the Act of the General Assembly," etc.

At the trial Mr. Ball, of counsel for defendant, after handing a paper to the prosecuting witness, for the identification of her signature thereto only, asked the witness the following questions:

"I will ask you if you did not, on the twenty-first of September last, in your room on Walnut Street, in this city, sign a paper or statement in the presence of Mr. Lattomus, and swear that what was contained in that paper was true?"

BOYCE, J.:—You have not shown the paper to the witness for identification. If the paper is admissible in evidence it will speak for itself. We will not permit this question.

Q. Did you, in your room at 911 Walnut Street, in this city, on the twenty-first of September last, sign a paper containing a statement setting forth what was the truth or falsity in regard to your testimony before the Grand Jury on August twenty-fifth last, in reference to the purchase of beer from William J. Johnson, and did you not swear before Mr. Lattomus that what was contained in the paper was true?

(Objected to by the Attorney General.)

The objection was sustained.

Q. I ask you if you did not, in your room at 911 Walnut Street, this city, before Mr. Lattomus, make an oath that what you had said before the Grand Jury as to your buying beer from William J. Johnson was not true and that you had never purchased any lager beer from William J. Johnson on August 25, 1912, or any other day or time?

(Objected to by the Attorney General.)

BOYCE, J.:—Thus far you have only asked the witness whether the paper which you now hold bears her signature. This course of examination is irregular. The objection is sustained.

*Mr. Ball*:—The question is asked the witness solely for the purpose of contradiction, and for no other purpose.

BOYCE, J.:—By the ordinary rules of evidence the contents of a written paper are proved by the paper itself. Your method of examining this witness is irregular. The rules of evidence will

Evidence—Decision.

not permit you to represent, in the statement of your question, the contents of that paper without first showing it to the witness, and asking her (if it is an affidavit) if she made the affidavit. If she is given an opportunity to examine it, and admits making it then there is a regular course of procedure; but different from that which you are pursuing.

Q. Did you not in your room at 911 Walnut Street, in this city, swear before Mr. James W. Lattomus——

BOYCE, J.:—(Interrupting) You cannot disclose the contents of that paper to the jury.

*Mr. Ball:*—No, sir.

Q. (Continuing) a Notary Public, that you did not purchase any lager beer from William J. Johnson on August 25, 1912, or on any other day or time?

(The Attorney General objected to the question for the reason suggested by the court, and further that the word "swear" was misleading.)

*Mr. Ball:*—This question is asked for the purpose of contradiction only.

BOYCE, J.:—We sustain the objection. This is practically the same question ruled upon before.

Q. Did you in your room, in this city, on September twenty-fifth last, sign a paper and swear to it, and if so will you look at that paper (handing same to witness) and say whether or not that is the paper that you signed and swore to?

A. I have seen that paper. I seen it but I did not understand it when I signed it. He begged me to do it and I did it. I will acknowledge that that is my handwriting and my name, and he (Mr. Lattomus) signed something and told Johnson that it was all right now.

Q. Is that the paper you signed and swore to?

A. Yes, sir, that is my handwrite. I did that.

Q. I will ask you whether Mr. Lattomus, this gentleman sitting here, did not read over to you this paper at least twice before you signed it and if he did not ask you whether it was true or not?

A. He did, and I told him I did not understand it, but by

his begging me to sign it I did it, but I know nothing of it.    I don't know the meaning of it.   Mr. Johnson said if I signed it it would clear him, in the presence of that gentleman (Mr. Latto- mus), and he handed it to him, and told Johnson it was all right now, but he signed something after I did.

At the close of the testimony, and arguments of counsel to the jury, the court gave the usual charge to the jury as in similar cases, and the jury returned a verdict of guilty.   Counsel for defendant moved for a new trial and in arrest of judgment, and filed several reasons therefor.   The only reason relied upon was that the Attorney General in his argument to the jury, in the pres- ence of the court, made use of the following language:  "The defendant did not go on the stand and deny that he gave the receipt to her, Lizzie Burton."

It was urged that this comment was in direct violation of *Chapter 777, Volume 19, Laws of Delaware, Revised Code 798,* which extends to accused persons the right to testify in their own behalf, but provides "that a refusal or failure to testify shall not be construed or commented upon as an indication of guilt."   It was insisted that the remark was prejudicial to the defendant and against the express policy of the statute.   The cases of *Austin v. The People,* 102 *Ill.* 261, and *Com. v. Scott,* 123 *Mass.* 222, were relied upon in support of the motions.

BOYCE, J.:—Immediately upon the remark being made, which is relied upon in support of the motions, one of counsel for the defendant objected, and the Attorney General withdrew the same as an inadvertence, and requested the jury to disregard it wholly in the consideration of the case.   The court then and there instructed the jury to the same effect.   Again, in charging the jury after the close of the testimony, and arguments of counsel, the court expressly directed the jurors' attention to the said statute and instructed them that the failure of the defendant to testify should not influence them in any degree in reaching their verdict, as under the statute a refusal or failure to testify could not be construed or commented upon as an indication of guilt.

We think the cases cited for counsel for the defendant are inapplicable to the facts in this case.   We heard the evidence and

we are clearly of the opinion that it warranted the verdict of guilty. The Supreme Court of this state, on the writ of error, in the case of *Fisher v. State*, 1 *Penn.* 388, refused to reverse the judgment of the court below, because they did not find that the admission of the evidence objected to was prejudicial to the defendant below. We think in this case that the remark of the Attorney General, having been expressly withdrawn immediately after it was made and the jury being cautioned not to consider it in their determination of the case, was not prejudicial to the defendant under all the circumstances. Being convinced as we have already stated that the evidence warranted the verdict, we do not think it should be disturbed. The motions are therefore denied.