THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GUSSIE ANNIS *et al.* Plaintiffs in Error.

*Opinion filed December 17, 1913.*

1. CRIMINAL LAW—*when objection to improper statement of assistant State's attorney is made in time.* An objection to an improper reference by the assistant State's attorney to the failure of the accused to testify is made in apt time where it is urged as soon as the sentence containing such improper reference is completed by the speaker.

2. SAME—*commenting upon failure of the accused to testify is ground for new trial.* For the prosecution in a criminal case to make an unfavorable comment before the jury upon the failure of the accused to testify is in direct violation of paragraph 426 of the Criminal Code and is ground for new trial, notwithstanding the court sustains an objection to the improper statement and directs the jury to disregard it.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding.

J. F. GILLHAM, and JOE FURLING, for plaintiffs in error.

P. J. LUCEY, Attorney General, JAMES M. BANDY, State's Attorney, and C. H. LINSCOTT, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiffs in error were indicted in the circuit court of Madison county for assaulting and robbing Mrs. Rosenstrump of $45 in money. Upon trial by a jury they were found guilty as charged in the indictment. After overruling motions for a new trial and in arrest of judgment the court rendered judgment on the verdict and sentenced the plaintiffs in error to an indeterminate term in the penitentiary at Joliet. They have sued out this writ of error to review that judgment.

While numerous errors are assigned but three are argued in the briefs and two of them it is conceded were

not preserved for review, but counsel say they call attention to them for the purpose of showing that the rights of plaintiffs in error were not properly guarded on the trial. Counsel now representing them were not their counsel at the trial.

The indictment charges plaintiffs in error with assaulting and robbing Mrs. Rosenstrump, not mentioning her first name, and the name "Mrs. Rosenstrump" is indorsed on the back of the indictment as one of the witnesses. Counsel concede objections on those grounds should have been made before verdict, and it is therefore unnecessary to discuss those questions.

Mrs. Rosenstrump was alone in charge of her son's store in Madison about four o'clock P. M. on May 13, 1913. She testified plaintiffs in error came into the store and talked about purchasing some aprons but did not buy anything. While they were in the store another woman came in and made a purchase. Mrs. Rosenstrump testified she took some money out of a pocket-book in which the money of the store was kept, for the purpose of making change. After the purchaser had left the store, and while the plaintiffs in error, who were strangers to Mrs. Rosenstrump, were alone with her in the store, she testified one of them struck her in the face with her fist and the other one grabbed the pocket-book, containing $45 or more in money, out of Mrs. Rosenstrump's hand. She testified it was Gussie Annis who struck her and Alma Bartsch who snatched the pocket-book away from her. The blow was of sufficient force to knock Mrs. Rosenstrump over and cause blood to flow from her nose. Her outcries brought assistance, among other persons a policeman, to whom she described the women she said had assaulted and robbed her. In a very short time plaintiffs in error were arrested in the saloon kept by the husband of Gussie Annis. The policeman who made the arrest testified he had met plaintiffs in error about four o'clock on the street, seventy or

seventy-five feet from Rosenstrump's store. When he arrested them they were standing in front of the bar in the saloon but were not drinking at the time. He testified that when he told plaintiffs in error they were under arrest, one of them,—as we understand it, Alma Bartsch,—said: "I guess you want us on account of the money I found; I found $45 in that woman's store, and I will go with you." He further inquired what had become of the pocket-book the money was in, and the same plaintiff in error said she dropped it under a table in a Mr. Baker's store. He went there afterwards and found the pocket-book. Mrs. Rosenstrump identified plaintiffs in error, when they were taken to the store, as the persons who assaulted and robbed her. Plaintiff in error Alma Bartsch stated to other persons, when taken to the police station, that she found the pocket-book containing the money in the Rosenstrump store. Alma Bartsch testified in her own behalf that she found the pocket-book containing the money in the Rosenstrump store as she was leaving the store; that she picked it up, carried it away with her, took the money out of it, and without thinking anything about it dropped the pocket-book where it was found by the policeman. She further testified she told plaintiff in error Gussie Annis about finding the money and Mrs. Annis said they would have to find out to whom it belonged, but before they had time to make inquiry about it they were arrested. She said they had been at the saloon of Mrs. Annis' husband only five or ten minutes when the policeman came and arrested them, and that she then told the policeman about the money and where he would find the pocket-book. She denied Mrs. Annis struck Mrs. Rosenstrump and denied taking the pocket-book from her. Mrs. Annis did not testify.

The record recites that the assistant State's attorney, in the course of his argument to the jury, commented upon the fact that plaintiff in error Gussie Annis did not take the witness stand and testify, and said, in substance: "For

some reason not known to me and not known to you, gentlemen, she did not testify and tell you anything about the case or say one word in her behalf." The record further recites that the attorney then representing plaintiffs in error sat at the trial table "and made no objection to the argument until after said assistant State's attorney had finished the above statement, whereupon he objected to the line of argument, which objection was sustained by the court," and the jury were instructed to disregard all statements by the assistant State's attorney concerning the failure of plaintiff in error Gussie Annis to testify. Counsel for defendant in error say the record fails to show that any objection was made by counsel for plaintiffs in error in apt time and that the objection was therefore waived. We do not see how this can be correct, for the record states that when the assistant State's attorney had finished the statement about plaintiff in error Gussie Annis having failed to testify, her counsel objected. The statement, as shown by the record, was in one sentence, and the objection appears to have been made immediately upon the utterance of the sentence. It certainly does not appear that there was any such delay in making the objection as to amount to a waiver. It is also asserted that the record does not give a verbatim report of the remarks of the assistant State's attorney but only their substance, and it is further asserted that it is not properly a part of the record anyway. It is certified as a part of the record, under the seal of the trial judge, and recites that the assistant State's attorney commented upon the failure of plaintiff in error Gussie Annis to testify on the trial, and gives, in substance, what he said. This is sufficient. Paragraph 426 of the Criminal Code provides a defendant in a criminal case shall only be deemed a competent witness at his own request, "and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect." The re-

marks of the assistant State's attorney were in palpable violation of the express provision of the statute, and we do not recall any case where remarks of the character here made were not held to be reversible error notwithstanding the action of the court in sustaining objections to the remarks. *Angelo* v. *People,* 96 Ill. 209; *Austin* v. *People,* 102 id. 261; *Baker* v. *People,* 105 id. 452; *Quinn* v. *People,* 123 id. 333.

For the above error the judgment must be reversed as to plaintiff in error Gussie Annis and the cause remanded for a new trial of said plaintiff in error. The judgment as to Alma Bartsch is affirmed.

*Affirmed as to Alma Bartsch, reversed as to Gussie Annis.*