THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN YOUNG *et al.* Plaintiffs in Error.

*Opinion filed April 24, 1925.*

1. CRIMINAL LAW—*when confession of co-defendant may be admitted in evidence.* Where two or more persons are jointly indicted for a crime, the confession or admission of one of them implicating a co-defendant is not competent against the co-defendant and is competent only against the defendant making the confession, but it may be admitted in evidence in the joint trial where the court advises the jury, when the statement is offered in evidence, that it is evidence only against the party who made it and that they should disregard it as to the other defendants.

2. SAME—*prosecution should not refer to failure of defendants to testify—reversal.* The State's attorney or his assistant should not during the argument refer to the failure of the defendants to testify, even though the defendants' counsel in his argument has attempted to explain why his clients did not take the stand; but the error in making such reference will not reverse where the case against the defendants is so conclusive that the jury could have returned no other verdict than that of guilty.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

DON M. PEEBLES, and JESSE PEEBLES, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, JESSE R. BROWN, State's Attorney, VIRGIL L. BLANDING, and M. L. WELCH, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

The grand jury of Madison county returned an indictment against John Young, Odell Lanter, Virgil Freeman and William Brown for stealing an automobile of Orville Kellar, of the value of $500. Freeman pleaded guilty at the February term of court, 1924, and was sentenced to the penitentiary. The cause was continued as to the other defendants and was not tried until the October term, 1924. Lanter and Young were found guilty and Brown was acquitted. Lanter and Young have sued out this writ of error to review the judgment of the court sentencing them to the penitentiary.

The testimony for the prosecution was brief. The owner of the car, Orville Kellar, testified he drove it to Edwardsville and parked it about 8:00 o'clock in the evening. When he returned about 10:30 o'clock the same evening the car was gone. He next saw it about eight days later in Gillespie, Illinois. Some of the parts were changed in appearance. The bumper and step plates had been painted black and a different steering wheel substituted. The initials on the car door had been defaced. Kellar lived in Highland, Madison county, and testified plaintiffs in error came to his home there some time before the trial and told him if he would not prosecute the case they would give him a new car for his old one. The chief of police of Gillespie had the car at that place when witness recovered it.

Freeman, one of the indicted parties, who had pleaded guilty and been sentenced to the penitentiary, testified for the People that he was living in Gillespie in February, 1924;

that he knew plaintiffs in error and William Brown, and had known them a long time. On the night of February 24 they went to Edwardsville in Young's Ford coupe. While driving around the streets there they saw another Ford coupe. They tried to start it but could not do so, and they got a rope and tied the car to Young's car and pulled it out into the country. The witness said they were all pretty drunk. They could not start the car, and they put a "jumper" on it and were then able to start it. They then went to Gillespie and from there to Henderson, a few miles from Gillespie, where the car was sold, and witness received $83 for his share of the money. Lanter paid it to him. The parties were subsequently arrested, and Young, at least, was placed in jail in Macoupin county. A deputy sheriff of that county testified Young there made and signed a confession; that at the time none of the other co-defendants were present. Objection was made by Lanter that the confession was incompetent as to him. The court, over objection, admitted it in evidence. In the signed confession Young told how the defendants procured the car, substantially the same as Freeman had testified. He said they pulled it out of Edwardsville by a rope attached to his car, then put a "jumper" on it and drove it to Gillespie and Henderson and the next day sold it for $250. He received $83.

The only testimony offered on behalf of defendants was that of character witnesses. The jury returned a verdict of guilty and fixed their punishment at imprisonment in the penitentiary for five years. The latter part of the verdict the court disregarded and sentenced them for an indeterminate term.

Plaintiffs in error contend the court erroneously admitted the confession of one of them in evidence; that the State's attorney improperly referred to the failure of defendants to testify on the trial and greatly prejudiced the jury against them. They insist they did not have a fair trial.

The rule has long been established that when two or more persons are jointly indicted for a crime the confessions or admissions of one of them implicating a co-defendant are not competent against the co-defendant, but they are competent, properly restricted by instructions, against the defendant making the admissions. (*People* v. *Buckminster,* 274 Ill. 435; *Ackerson* v. *People,* 124 id. 563; *McCann* v. *People,* 226 id. 562; *People* v. *Anderson,* 239 id. 168; *Rex* v. *Martin,* 9 Ont. L. R. 218; 4 Am. & Eng. Ann. Cas. 912, note; 1 R. C. L. sec. 118, p. 574.) *People* v. *Carmichael,* 314 Ill. 460, was not intended to, and does not, change the rule.

When the admissions of the defendant Young were offered by the People and defendants' counsel objected, the court stated, "The jury will disregard it as to the other defendants. It is only binding on the man who made it, if he did make it." The court also said, "Yes, the jury will understand this statement as binding only on the person who made it, and not on the others. So you will disregard it as to the defendants Brown and Lanter." That was sufficient information to the jury that any admission or confession by Young could not be considered as any evidence against Brown and Lanter. The effect of the evidence, notwithstanding the plain statement of the court, it is claimed, could not have been otherwise than very damaging to them. Whether that is so or not is conjectural, but the evidence does not seem to have been damaging to Brown, for he was acquitted.

It is also contended the judgment should be reversed because the assistant State's attorney was permitted by the court to refer to and comment upon the failure of the defendants to testify on the trial. In the argument to the jury after the close of the evidence, one of the counsel for defendants stated the prosecution asked the conviction of defendants on the uncorroborated word of a confessed convict; that it was not incumbent upon defendants to prove

their innocence but the prosecution was required to prove their guilt beyond a reasonable doubt, and counsel said he did not believe the jury would convict defendants on the evidence offered by the prosecution, and that was the reason why defendants did not take the stand. In his closing argument the assistant State's attorney referred to the statement of defendants' counsel, and said the reasons he gave were not the reasons why defendants did not testify, but that they were not put on the stand because they could not deny they went to Edwardsville and took the automobile. Counsel for defendants objected, and the court said, "You had better drop that and take up something else." The State's attorney insists the statement referred to by his assistant was only made in reply to the argument of defendants' counsel and was not made for the purpose of directing the attention of the jury to the fact that defendants did not testify. It is probably true the assistant State's attorney would not have said what he did say if it had not been for the argument of counsel for defendants, but we think the assistant State's attorney made a mistake and should not have said what he did say about why defendants did not testify. If the case made against defendants were not so overwhelmingly clear and conclusive we might be disposed to reverse the judgment for that error, but the evidence makes it conclusive that the jury could not reasonably have found any other verdict than one of guilty if the assistant State's attorney had made no reference to the defendants' failure to testify. It is clear that reference was not a material factor in the trial and conviction of defendants, and we have often held that slight errors not affecting the merits or justice of the decision will not justify a reversal.

We would be recreant to what we consider our duty to be in this case if we did not approve the conviction, and the judgment is therefore affirmed.

*Judgment affirmed.*