(No. 31302.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELMORE CHENEY, Plaintiff in Error.

*Opinion filed January 18, 1950—Rehearing denied March 20, 1950.*

GEORGE W. SPRENGER, of Peoria, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and MICHAEL A. SHORE, State's Attorney, of Peoria, (ALEX A. SLOAN, of Peoria, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Elmore Cheney, plaintiff in error, was tried in the circuit court of Peoria County on an indictment consisting of a single count, charging rape of one Doris Haggard, who at the time was sixteen years of age. He was tried by a jury and found guilty of rape in the manner and form as charged in the indictment. By its verdict the jury fixed the punishment at imprisonment in the penitentiary for the term of two years. Motion for a new trial was overruled and the court sentenced the plaintiff in error in accordance with the verdict of the jury. This writ of error is prosecuted seeking to reverse such conviction.

He first urges there was a failure of proof upon the part of the People to show the name of the party injured as laid in the indictment. In that instrument the name of the prosecuting witness was stated as "Doris Haggard." On direct examination she testified that her name was "Doris Hoggard," although it was sometimes mispronounced. The proof is that plaintiff in error made an assault upon Doris Hoggard. When the People rested, the plaintiff in error filed a motion requesting the court to instruct the jury to find the defendant not guilty, which motion was overruled.

Plaintiff in error contends that the variance in the name was fatal. In support of his position he refers to the cases of *People* v. *Smith,* 258 Ill. 503, and *People* v. *Novotny,* 305 Ill. 556. In the *Smith case* the name of the victim was alleged to be "Rosetta," while the proof showed the name of the girl upon whom the crime was committed was "Rosalia." This court there held that the names were

clearly distinct names and that the variance was fatal. In the *Novotny case* the indictment for confidence game alleged the party from whom the money was obtained to be Rapan Manian, while the proof showed the party's name to be Mananianian. It was held in that case that there was a fatal lack of evidence to prove the crime charged.

We do not think the present case falls within the line of those and similar cases. The object in naming the injured person in a criminal prosecution is for the purpose of identification, in order that the accused may not be tried twice for the same offense and that he may be enabled to prepare his defense and not be taken by surprise on the trial. (*People v. Reilly*, 257 Ill. 538; *People v. Weisman*, 296 Ill. 156; *People v. Jankowski*, 391 Ill. 298.) In the *Jankowski case* the indictment charged an assault upon one "Catherine Valenta," and the proof showed the injured person to be "Katherine Balenta." It was there held that the variance was not fatal. No question is raised in the present record as to the identity of the complaining witness, nor is any claim made that the accused or the jury were misled by the variance in the spelling of the name. We do not deem the variance claimed on this record to be either substantial or fatal.

The facts testified to by the prosecuting witness disclose that during the year 1948 she knew the plaintiff in error and had kept company with him until around October first of that year; that on Sunday night, October 3, 1948, about 8:30, the plaintiff in error stopped his car in front of her home and she put on her coat and went out to talk with him; that he suggested she get in his car where they conversed for a little time until she was called by her mother, and then defendant pulled away from the home and drove across University Street in the city of Peoria and then on a side road abutting on Parkview Cemetery. He got out, stood on the running board and pulled her out of the car after considerable scuffling; that previously he

attempted to have intercourse with her when she was lying on the front seat of the car, but was unsuccessful; that she resisted all of his attempts but when he got her on the ground he overcame her resistance and forcibly and against her will had full sexual intercourse with her. When the defendant took her home she was crying and hysterical. She is corroborated by the testimony of her grandmother, her mother and one Dr. Blender as to bruises, lacerations and other evidences of forcible sexual intercourse.

Error is charged against an assistant State's Attorney because of alleged prejudicial remarks made to the jury. In the closing argument he said, (as set out in plaintiff in error's brief) :

" 'Under these circumstances you are not aware of the usual Court room tactics or procedure, and to be sure that you are aware, I want to tell you that the defendant has a full right, but not a duty, if he does not choose to exercise the right when charged with a serious crime, of appearing here and denying it.'

"This statement was objected to and the Court was asked to withdraw a Juror and call a mistrial. The Court sustained the objection to the statement, but refused to withdraw a juror and call a mistrial.

"Assistant State's Attorney: 'Thank you, Your Honor. There is no question but what all of us are familiar with the fact that a man has the right to take the stand in his own defense.'

"This was again objected to. The Court again sustained the objection, and asked counsel to please refrain from commenting on that.

"The Assistant State's Attorney then continued: 'An unusual thing about this lawsuit, the thing different than most lawsuits and most jury cases, is that we find a technical defense only, raised to the charges of this little girl. There is not a scintilla of evidence presented denying any of the allegations that have been made by this plaintiff.'

"This was objected to and the objection overruled by the Court."

Section 6 of division XIII of the Criminal Code (Ill. Rev. Stat. 1947, chap. 38, par. 734,) provides as follows: "Provided, however, that a defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect."

In *People* v. *Annis,* 261 Ill. 157, an assistant State's Attorney in the course of his argument to the jury commented upon the failure of the defendant, Annis, to testify as follows: "For some reason not known to me and not known to you, gentlemen, she did not testify and tell you anything about the case or say a word in her behalf." Referring to the section of the statute above quoted, this court said: "The remarks of the assistant State's Attorney were in palpable violation of the express provision of the statute, and we do not recall any case where remarks of the character here made were not held to be reversible error notwithstanding the action of the court in sustaining objections to the remarks. *Angelo* v. *People,* 96 Ill. 209; *Austin* v. *People,* 102 Ill. 261; *Baker* v. *People,* 105 Ill. 452; *Quinn* v. *People,* 123 Ill. 333."

In *Austin* v. *People,* 102 Ill. 261, this court said: "We do not see that this statute can well be completely enforced, unless it be adopted as a rule of practice that such improper and forbidden reference by counsel for the prosecution shall be regarded good ground for a new trial, in all cases where the proofs of guilt are not so clear and conclusive that the court can say affirmatively the accused could not have been harmed from that cause. In this case the proofs, all considered, are not of such convincing character. The verdict in this case ought to have been set aside on account

of the violation of this provision of the statute. In the absence of most satisfactory proof of guilt, no conviction, obtained through a palpable and willful violation of law (to the prejudice of the accused) done by the officers of the law conducting the prosecution, should be allowed to stand."

In reply to these authorities the People present authorities many of which hold that there must be a strong case before the verdict of a jury will be disturbed. In *People* v. *Young,* 316 Ill. 508, this court stated that reference of the State's Attorney to failure of defendants to testify would not justify a reversal where the jury could not reasonably have found any other verdict than guilty. *People* v. *Shader,* 326 Ill. 145.

While the verdict of the jury in the instant case is supported by the testimony we do not deem the evidence of such convincing and conclusive character as to eliminate all questions of doubt. The fact that the jury fixed the punishment at the light term of two years, is evidence that they were not convinced that this was an aggravated case of rape.

The remarks of the assistant State's Attorney set forth above were a plain violation of the statute, and cannot be regarded other than as an adroit attempt to call the attention of the jury to the fact that the defendant had declined to testify.

Because of the error discussed, the judgment of the circuit court of Peoria County must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*