(No. 38614.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES BURTON, Plaintiff in Error.

*Opinion filed December 19, 1969.*

54

Ward, J., took no part.

John J. Cleary, of Chicago, appointed by the court, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Elmer C. Kissane, and Patrick T. Driscoll, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

This case is before us on a writ of error issued in May of 1964 to the circuit court of Cook County. A jury found the defendant, James Burton, guilty of the murder of Clemens Tappe, and he was sentenced to imprisonment for not less than 20 nor more than 30 years. He urges several grounds for reversal of his conviction, but we find it necessary to consider only two contentions: first, that the prosecuting attorney's comment on the defendant's failure to testify violated his privilege against self-incrimination; and second, that because of negligence on the part of the defendant's first appointed counsel, the defendant was denied the equal protection of the law.

The victim, age 76, died on June 7, 1963, as a result of cranial injuries inflicted with a blunt instrument. On that night the defendant had visited persons who lived in the apartment building where the decedent resided. One witness saw him knocking on the decedent's door, although there is no direct evidence that the defendant actually en-

tered the decedent's apartment. There was a blood stain on the trousers worn by the defendant on that night, but a laboratory technician was unable to identify the blood as that of the decedent. Technicians were also unable to match a gray hair found on the defendant's trousers with hair of the decedent, except for the general observation that "the pigmentation was similar."

There is evidence from which it might be concluded that the defendant knew the decedent and had previously borrowed small amounts of money from him. The decedent's daughter testified that her father had been known to keep on his person a large roll of bills, perhaps $300 or $400 in tens and twenties. The defendant's wife testified that on the night of the murder, her husband, who customarily earned $59 per week, returned home and displayed to her $315 in tens and twenties. The next morning the defendant's brother-in-law saw the defendant count out a similar amount of money. When the defendant was arrested on the day following the murder, he had in his possession $67 in cash and three receipts from an automobile dealer in the total amount of $242.67. There is evidence that the defendant had recently purchased an automobile from the dealer and that his first payment was two days overdue on the day of the murder. The front end of the automobile had been almost totally wrecked in an accident prior to the murder. The defendant gave inconsistent explanations as to how he obtained the relatively large amount of money that was in his possession after the crime.

We consider first the defendant's contention that the State violated his privilege against self-incrimination. During the course of the trial, the prosecuting attorney referred to the existence of blood stains on the defendant's trousers and the defendant's failure to explain them. In his closing argument before the jury, the prosecutor stated: "And then he's got to explain the blood on the pants. * * * Do we

hear one iota of evidence that he did cut himself? No. * * * There is no explanation for that blood on his pants from him but there is an explanation." We think that this comment constituted plain error (Sup. Ct. Rule 615) for which a new trial must be granted.

In *Griffin* v. *California,* 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229, the Supreme Court held that the fifth amendment privilege against self-incrimination, as it applies to the States through the fourteenth amendment, forbids comment by the prosecutor on the defendant's failure to testify in his own behalf. In addition, section 155—1 of the Code of Criminal Procedure, enacted long before the Supreme Court's decision in the *Griffin* case, provides: "* * * a defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect." (Ill. Rev. Stat. 1967, ch. 38, par. 155—1.) It has been held under this statute that a direct reference by the prosecution in its argument to the defendant's failure to testify is prejudicial error for which a new trial must be granted. *People* v. *Cheney,* 405 Ill. 258; *People* v. *Annis,* 261 Ill. 157; *Austin* v. *People,* 102 Ill. 261; *Angelo* v. *People,* 96 Ill. 209.

While the prosecution may refer in closing argument to the testimony of its own witnesses and point out that their testimony has not been contradicted (*People* v. *Norman,* 28 Ill.2d 77; *People* v. *Bloom,* 35 Ill.2d 255, rev'd on other grounds, 391 U.S. 194), it may not comment in a manner that is "intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify * * *." *Watt* v. *People,* 126 Ill. 9, 32.

In *People* v. *Wollenberg,* 37 Ill.2d 480, 487-88, the prosecutor in his argument referred by name to the eight witnesses who had appeared during the trial, only two of whom testified for the defendant, and then commented:

"No one else testified. Let's get that straight." The court rejected the contention that this observation was no more than a reference to the fact that the prosecution's case was uncontradicted, and held that under *Griffin* v. *California* and section 155—1 of the Code of Criminal Procedure this comment constituted plain error, saying: "* * * the underlying purpose and the ultimate effect of the prosecutor's remarks was to call attention to the defendant's failure to testify, thereby accomplishing by inference what could not be done expressly. As such, we hold that the statement in question constitutes plain error."

In the present case the prosecutor's references to the defendant were direct and unequivocal. The argument was that *"he's* got to explain the blood on the pants" and it was pointed out that there was no explanation "from *him"* as to the source of the blood stains. These remarks could not, we think, have been intended for any other purpose than to call the jury's attention specifically to the defendant's failure to testify, and they require that the judgment be reversed.

We are of the opinion that the relief requested because of the undue delay in prosecuting the defendant's appeal is inappropriate. The ground upon which the judgment of conviction is reversed is not one which bears directly upon the defendant's guilt or innocence. The delay involved is not chargeable to the prosecution.

The judgment is reversed and the cause is remanded to the circuit court of Cook County.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.