THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT L. MERRIWEATHER *et al.,* Defendants-Appellants.

(No. 56510; ▮▮▮▮▮▮▮▮▮▮)

First District (4th Division)—June 27, 1973.

James J. Doherty, Public Defender, of Chicago, (Shelvin Singer, Assistant Public Defender, of counsel,) for appellants.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and James E. Staruck, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendants, Robert L. Merriweather and Anthony Carr, were indicted for burglary. Following a jury trial in the Circuit Court of Cook County, they were found guilty of burglary. Defendant Merriweather was sentenced to a term of two to ten years in the Illinois State Penitentiary, and defendant Carr was sentenced to a term of five to fifteen years. Both defendants herein appeal from that conviction.

The issues presented for review are: (1) whether the prosecutor violated the defendants' constitutional privilege against self-incrimination; (2) whether the defendants were proven guilty of burglary beyond a reasonable doubt; and (3) whether the trial court committed prejudicial error by submitting an instruction to the jury as to motive.

On the evening of December 9, 1970, a burglar alarm was sounded for the Disabled American Veterans Store at 3514 South Michigan Avenue, Chicago. The Chicago Police Department was alerted and officers arrived at the premises soon thereafter. When the police arrived they found the front door ajar and lights on in the store. During a subsequent search of the premises, Chicago Police Officers Robert Mantia and Jerome Domagalski found three men on the first floor of the building crouching beneath some clothing racks. Two of the three men the police officers found are the defendants, Robert L. Merriweather and Anthony Carr.

Defendants Merriweather and Carr were subsequently indicted for burglary. Both men pleaded not guilty and were tried before a jury in the Circuit Court of Cook County. During the trial, Police Officers Mantia and Domagalski testified to arriving at the store, seeing the door ajar, and thereafter finding the defendants crouching beneath the clothing racks. The police officers further testified a search of the defendants revealed nothing; however, there were three boxes lying by the door.

Aaron Vine, an employee of the store, testified that on the morning of December 10, 1970, he arrived at the store and found the lock on the front door to the store had been "torn off." He further testified there were three boxes lying near the door.

James Brown, the store manager, testified that on the morning of December 10, 1970, he arrived at the store and found one of the front doors damaged; however, he found nothing missing from the store.

Homer Stinson, a detective for the Chicago Police Department, testified he advised the defendants of their rights when they were placed under arrest. The defendants, however, admitted to Detective Stinson to being in the store.

Following this testimony, the State rested its case against the defendants. The defense chose not to present any evidence whatsoever. The jury thereafter returned a verdict finding the defendants guilty of burglary and the trial court sentenced both men. This appeal arises from those proceedings.

The first issue presented for review is whether the prosecutor violated the defendants' constitutional privilege against self-incrimination. The defendants contend the prosecutor's repeated comment during closing arguments that the State's evidence stands "uncontradicted" violated their constitutional right against self-incrimination. In support of this contention, the defendants rely on the decision in *People v. Burton* (1969), 44 Ill.2d 53, which the Illinois Supreme Court decided subsequent to the landmark decision of the United States Supreme Court in *Griffin v. California* (1965), 380 U.S. 609. Both courts in effect stated the fifth-amendment privilege against self-incrimination prohibits comment by a prosecutor as to a defendant's failure to testify in his own behalf. The defendants also rely on that section of the Illinois Criminal Code which forbids reference or comment that a defendant neglected to testify, namely, Illinois Revised Statutes, chapter 38, § 155—1.

■■ The cases are legion that the prosecutor may refer in his closing argument to the testimony of the State's own witnesses and point out their testimony has not been contradicted, as long as such comment is not intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his right to testify. (*People v. Burton* (1969), 44 Ill.2d 53; *People v. Mentola* (1971), 47 Ill.2d 579; *People v. Palmer* (1970), 47 Ill.2d 289; *People v. Hopkins* (1972), 52 Ill.2d 1.) A review of the closing arguments in the instant record reflects the prosecutor was merely referring to the fact the testimony of the State's witnesses was uncontradicted. There is nothing in the record to indicate any intent on the part of the prosecutor to direct the attention of the jury to the defendants' neglect to avail themselves of their right

to testify. We therefore reject the defendants' contention that their constitutional privilege against self-incrimination was violated.

The second issue presented for review is whether the defendants were proven guilty beyond a reasonable doubt. The defendants contend the prosecution failed to prove them guilty of burglary beyond a reasonable doubt in that the evidence which was presented to the jury merely pointed to the fact that the defendants were in the store when the police arrived upon answering the burglary call. This, the defendants contend, falls far short of proving intent to steal, an essential element for sustaining a conviction for burglary.

■■ It is uncontroverted the lock on the front door of the store was "torn off" and the defendants were in the store without authority when the police answered the burglary call. Moreover, the defendants were found hiding beneath some clothing racks in an attempt to conceal their presence from the police who were searching the premises. Evidence which indicates defendants were found in a building attempting to conceal their presence from police has long been sufficient to establish the intent to steal. (*People v. Panczko* (1943), 381 Ill. 625.) As stated previously, the evidence which proved the defendants were acting in just this manner stands uncontradicted and, as such, this court can only reach the conclusion the intent to steal was proven by the prosecution beyond a reasonable doubt. We therefore reject the defendants' contention they were not proven guilty of burglary beyond a reasonable doubt.

The final issue presented for review is whether the trial court committed prejudicial error by submitting an instruction to the jury as to motive. The defendants contend the giving of instruction No. 8 over the objection of defense counsel was error. Instruction No. 8 read as follows:

"Motive is that which prompts a person to act. The State is not required to prove a motive for the commission of the crime charged."

The basis for the defendants' contention that the tender of the motive instruction amounted to prejudicial error by the trial court is such an instruction may have misled the jury to believe intent for the unauthorized entry into the store was not a necessary element to be considered in their deliberations.

■■■ The record reveals the defendants did object to the tender of the motive instruction; however, the objection does not reflect upon what grounds it was raised. Objections to instructions which are general and lack specificity are not reviewable. (*People v. Neukom* (1959), 16 Ill.2d 340.) We therefore reject the defendants' contention the trial court committed prejudicial error in tendering an instruction as to motive.

For the reasons stated herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and JOHNSON, J., concur.