THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM HOWARD HOLMAN, Defendant-Appellant.

(No. 12195;

Fourth District—May 21, 1974.

John F. McNichols, J. Daniel Stewart, and John L. Swartz, all of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (Danny J. Leifel, Senior Law Student, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was indicted for conspiracy to commit armed robbery and armed robbery. A jury trial resulted in a verdict of guilty on both charges. The trial judge entered a judgment of conviction on both verdicts. Following a hearing on a post trial motion, the trial judge vacated his judgment of conviction on the inchoate offense of conspiracy as required by section 8—5 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 8—5). Defendant was sentenced to an indeterminate term of 5 to 10 years. Defendant appeals.

Several issues are urged on appeal. First, whether the prosecutor committed prejudicial error in commenting upon defendant's failure to testify at trial; secondly, whether the failure to transcribe the minutes of grand jury and make them available pursuant to defendant's motion for discovery denied defendant a fair trial; third, whether the sentence was excessive under the Unified Code of Corrections; and, finally, whether the *mittimus* should be amended to strike the judgment of conviction for conspiracy which appears thereon.

On May 16, 1972, defendant went to the home of Mr. and Mrs. Olaf Stone upon the pretense that his automobile had broken down and that he needed assistance. Mr. Stone agreed to take defendant back to the automobile which was located at the intersection of Routes 9 and 122. After Mr. Stone had driven out to Route 122, defendant put a gun to his side and demanded his money. Defendant then got out of Stone's vehicle and went to an automobile that had been following. Mr. Stone returned to his home and notified the authorities of the armed robbery. Defendant was subsequently apprehended.

At trial, Mrs. Stone identified the defendant as being the individual who came to the residence on the night of May 16, 1972; and Mr. Stone identified the defendant as being his assailant. Detective Joseph Woith and detective Larry Miller testified that after apprehending defendant and informing him of his rights, defendant proceeded to give them a two-page statement admitting his guilt; and at that time defendant identified the gun taken from the suspect vehicle as the one used in the armed robbery.

During the closing argument, the prosecutor made the following comment:

> "* * * [A]nd let me refer to something else that you are going to be instructed on law by Judge Harrod. Neither sympathy nor prejudice should influence you. Mr. Gesell is aware of that law, that instruction says that you should not be influenced. *You also will be instructed that you are not to hold against the Defendant the fact that he did not testify, and I am not holding that against him and you are not to do so either.*" (Emphasis added.)

Defense counsel objected and requested that a mistrial be declared. The trial court denied the motion.

Defendant suggests that the quoted comments in closing arguments amounted to prejudicial error requiring that he be given a new trial.

● 1    The prosecutor's remarks were improper. (*Griffin v. California*, 380 U.S. 609, 14 L.Ed.2d 106, 85 S.Ct. 1229; Ill. Rev. Stat. 1971, ch. 38, par. 155—1.) These gratuitous remarks, whether intentionally or unintentionally, called to the attention of the jury the fact defendant did not testify. Remarks of this nature are error. *People v. Hopkins*, 52 Ill.2d 1, 284 N.E.2d 283.

Under the rule of *Harrington v. California*, 395 U.S. 250, 23 L.Ed.2d 284, 89 S.Ct. 1726, and *Chapman v. California*, 386 U.S. 18, 17 L.Ed.2d 705, 87 S.Ct. 824, such error may be harmless beyond a reasonable doubt if it did not contribute to defendant's conviction. We find that it did not.

■■    The evidence of defendant's guilt in this record is overwhelming. Defendant was positively identified by Mr. and Mrs. Stone; the two police detectives testified that they took a statement from defendant and he admitted guilt.

■■    Defendant argues that the failure to transcribe and make available upon discovery the minutes of the grand jury denied him due process and a fair trial. *People v. Lentz*, 55 Ill.2d 517, 304 N.E.2d 278, is dispositive of this claim of error. In *Lentz*, the supreme court stated that Supreme Court Rule 412 (Ill. Rev. Stat. 1971, ch. 110A, par. 412), which requires the State to provide relevant records of grand jury proceedings

to defendant upon request, does not require the State to provide such records when none was made; and failure to make such a record does not violate defendant's rights.

■■ Defendant next contends that the minimum sentence he received was excessive and should be reduced under the Unified Code of Corrections. This issue is conceded by the State in light of the holding of *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1.

■■ Defendant submits that the *mittimus* in this case improperly shows that judgments of convictions were entered against defendant for the offenses of conspiracy to commit armed robbery and armed robbery. In oral argument, defendant stated that the trial court amended the *mittimus* by excising any reference to the verdict of guilty on the inchoate offense, therefore this error has been remedied.

For the reasons above given, the judgment of conviction of the circuit court of McLean County is affirmed. The sentence imposed is vacated and this cause is remanded with direction to resentence defendant in accordance with the Unified Code of Corrections.

Affirmed and remanded with directions.

SMITH, P. J., and CLARK, J., concur.