THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN LEE *et al.,* Defendants-Appellants.

Third District    No. 75-408

Opinion filed December 7, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellants.

C. Brett Bode, State's Attorney, of Pekin, for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a jury trial, defendants, John Lee and Patrick Hunt, were found guilty of two counts of armed violence and sentenced on one count to 3-9 years imprisonment. The sole issue is whether the trial court committed reversible error by giving IPI Criminal No. 2.04 over defendants' objections.

Defendants and five others, Dan Lee, Terry Howell, Jack Barnum, David Lee and Randy Deskin were tried jointly for three counts of armed violence arising from a brawl at a private club. After the State presented its case, consisting chiefly of the testimony of several occurrence witnesses, four of those charged with the offenses testified in their own behalf, whereas defendants in this appeal and David Lee did not testify. · The jury returned verdicts finding Patrick Hunt, John Lee, Dan Lee, and Terry Howell guilty on counts I and II and Jack Barnum guilty on Count II. David Lee and Randy Deskin were acquitted on all counts, and all were acquitted on count III.

At the conference on jury instructions, the State tendered IPI Criminal No. 2.04, which was objected to by counsel for defendants to this appeal. The trial court gave the instruction to the jury over defendants' objections, and defendants now contend that this was reversible error.

IPI Criminal No. 2.04 reads as follows:

"The fact that a defendant did not testify should not be considered by you in any way in arriving at your verdict."

The Committee Comments to this instruction state:

"This instruction should be given *only* at defendant's request and then, it *must* be given." (Original emphasis.)

It has been held that reversible error occurs when the trial court refuses to give such an instruction if requested by the defendant. (*People v. Greben* (1933), 352 Ill. 582, 186 N.E. 162; *People v. Borneman* (2d Dist. 1966), 66 Ill. App. 2d 251, 213 N.E.2d 52.) In *People v. King* (1973), 54 Ill. 2d 291, 296 N.E.2d 731, our supreme court held that giving this instruction when requested by the prosecutor was not error, but there defendant's attorney had stated that he would have submitted the instruction if the prosecution had not.

We note that other jurisdictions have split on the issue of whether giving such an instruction, either at the prosecutor's request or by the trial court *sua sponte*, constitutes error when the defendant either objects to it or does not request it. See Annot., 18 A.L.R. 3d 1335 (1968).

An analogous situation occurred in *People v. Gibson* (3d Dist. 1971), 133 Ill. App. 2d 722, 272 N.E.2d 274, where IPI Criminal No. 3.13, which instructs the jury concerning prior convictions, was given over

defendant's objections. The Committee Comments recommend that this instruction should be given only at the defendant's request. Holding that giving the instruction over defendant's objections was prejudicial error, the court stated:

"It should be the prerogative of the defendant to determine whether such an instruction is beneficial to his defense or whether it would only serve to accentuate his past criminal record."

Here the instruction may benefit defendant by informing the jury that his failure to testify may not be used as evidence of guilt. However, a defendant may regard this instruction as having the effect of calling the jury's attention to the fact that he did not testify and thus prejudicing his case. Consistent with the Committee Comments, we believe that the defendant should be the one who decides whether, as a matter of trial strategy, this instruction would benefit him or whether it would unduly emphasize to his detriment the fact that he did not testify.

A criminal defendant has an absolute right not to testify, and the State may not comment on a defendant's failure or neglect to testify. (See Code of Criminal Procedure, section 155—1 (Ill. Rev. Stat. 1975, ch. 38, par. 155—1).) In this sensitive area, a comment by the State which directly or indirectly refers to a defendant's failure to testify is apt to constitute reversible error (*People v. Burton* (1969), 44 Ill. 2d 53, 254 N.E.2d 527; *People v. Chellew* (2d Dist. 1968), 104 Ill. App. 2d 100, 243 N.E.2d 49), unless such comment is found to be harmless error beyond a reasonable doubt (see *People v. Holman* (4th Dist. 1974), 19 Ill. App. 3d 544, 311 N.E.2d 696). While this instruction may be beneficial to a defendant, it also may, when tendered by the State and objected to by the defendant, have an affect similar to an impermissible comment by the State on defendant's failure to testify.

The State contends that a dilemma is created in a joint trial where some defendants testify and others do not. This position would have merit if, for example, some defendants requested this instruction and other defendants objected to it. However, here, the record shows that all the defendants who did not testify specifically objected to the instruction.

Based on the foregoing, we hold that it was error to give this instruction over defendants' objections. In our view of the record, we are unable to say that the evidence was so clear and convincing and proof of guilt so overwhelming that the error was harmless.

Accordingly, the judgments of conviction of the Circuit Court of Tazewell County are reversed and remanded for a new trial.

Reversed and remanded.

ALLOY, P. J., and SCOTT, J., concur.