THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES W. TATE, Defendant-Appellant.

Third District   No. 3—86—0530

Opinion filed June 23, 1987.

Judith Kelly, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (William L. Browers, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Charles W. Tate, appeals from his conviction of forgery. (Ill. Rev. Stat. 1985, ch. 38, par. 17—3(a)(2).) He argues that he was denied a fair and impartial trial by the prosecutor's comments during closing arguments. We reverse.

The defendant was tried and convicted on a charge that he knowingly delivered a United States Treasury check which was apparently capable of defrauding another. That check was payable for $2,413 to Jean C. Yateman and was endorsed "Jean C. Yateman." It was delivered to a used-car dealership for purchase of an automobile.

The State's evidence included the following. Jean Yateman, the person to whom the check was made, testified that she did not receive the check, endorse it, or give anyone else authority to endorse it. She did not know the defendant.

James Martin, the car salesman who accepted the check as payment for an automobile, repeatedly testified that the defendant was the man who purchased a car with the check. The customer had identified himself as Charles Yateman and had presented the already-endorsed check. Martin testified he had spent approximately an hour, including a test drive, with the customer; had negotiated the sale over a small desk; and had recognized the customer numerous times thereafter when the customer had driven past the car dealership in a different vehicle.

Joseph Wichmann, a questioned-document examiner, testified that he had examined both handwriting samples from the defendant and

the endorsement on the instant check. He concluded that the same person had written the samples and the endorsement, and supported his conclusion with extensive testimony about his analysis.

The defendant's sole evidence was the parties' stipulation that salesman Martin had viewed a six-photograph lineup and selected the photograph of the defendant. In selecting the photograph, he stated: "That looks like the guy who bought the car, but I can't say for certain, but it sure looks like him."

In the initial segment of closing arguments, the prosecutor outlined some of the evidence and made the following comments regarding the defendant's identity as the customer who delivered the check:

> "[W]e know that Charles Tate is the person we are talking about. No uncertainty. You have not heard from anybody else in this courtroom. There has been no other testimony presented that anybody other than Charles Tate is the person that we are talking about."

Following additional review of the evidence, regarding the defendant's lack of authority the prosecutor stated:

> "Finally, let's look at the intent to defraud. Something that you have not heard any direct testimony about, to be quite honest. There is only one person in this courtroom who can tell you, and that is Charles Tate, because he delivered that check."

Thereafter, near the prosecutor's closing-argument conclusion, the following argument and exchange occurred:

> "Ladies and gentlemen, that is the evidence that we have in this case. It is all unrebutted. The only thing that the defendant wants you to know is that [the salesman who accepted the forged check] looked through a photo line-up, picked out [the defendant], said he wasn't positive, but it sure looked like the guy who bought that car. There is nothing else for you to consider. They don't want to help your job out at all. They chose not to help you out by presenting any evidence.
>
> MR. REICH [for the defense]: Judge, I am going to object to that.
>
> THE COURT: Objection sustained. Mr. Phillips, you will refrain from that line of argument.
>
> MR. REICH: Judge, I would ask that the jury be sent out.
>
> MR. PHILLIPS [for the State]: You have heard nothing—
>
> THE COURT: Mr. Phillips, hold it."

The defendant argues that the instant statements called attention to the defendant's failure to testify and were prejudicial error. In re-

sponse, the State argues alternatively that the prosecutor did not comment on the defendant's failure to testify, that any error was waived, or that any error was cured. We agree with the defendant.

■ A prosecutor may comment on the uncontradicted nature of the evidence, even though the non-testifying defendant is the only person who could contradict the State's evidence. (*People v. Hopkins* (1972), 52 Ill. 2d 1, 284 N.E.2d 283.) However, considering the fifth amendment privilege against self-incrimination and section 6 of "An Act to change the law in relation to criminal jurisprudence" (Ill. Rev. Stat. 1985, ch. 38, par. 155—1), the prosecutor may not make a reference intended to direct the attention of the jury to the defendant's failure to testify. Such an intentional reference requires reversal. *People v. Burton* (1969), 44 Ill. 2d 53, 254 N.E.2d 527.

As the State argues, the prosecutor's first objected comment may properly have been intended as a reference to the State's uncontroverted evidence of the defendant's identity as the man who delivered the check to the car dealership. As the State further argues, in context, the second objected comment appears to have been intended as an explanation of the fact that proof of the intent element of the offense necessarily relied upon circumstantial evidence. However, it is clear that the prosecutor's intent to direct the jury's attention to the defendant's failure to testify underlay at least the remaining comments. Therefore, we focus the remainder of our analysis upon those comments.

■ In its first alternative argument regarding the third and fourth comments, the State contends that the comments were invited by the defendant. Its contentions are without merit. We observe that the instant comments were made in the prosecutor's initial closing argument and, thus, may not be considered as rebuttal and response to the defendant's argument. (Compare *People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180.) Furthermore, the comments may not be justified as references to the uncontroverted nature of the State's case which were invited by the defendant's misidentification defense.

The third instant comment focused at the outset upon the strength of the State's case. Nevertheless, before its completion it went far afield. In emphasizing, "There is nothing else for you to consider. They don't want to help your job out at all. They chose not to help you out by presenting any evidence. *** You have heard nothing—," the prosecutor misrepresented the reality that the defendant had presented stipulated evidence and repeatedly referred to the defendant's absence of proof. It is apparent to us that the underlying purpose of the prosecutor's remarks was to call attention

to the defendant's failure to testify. *People v. Wollenberg* (1967), 37 Ill. 2d 480, 229 N.E.2d 490.

■ Furthermore, contrary to the State's second subargument, there was no waiver of the instant argument. The defendant contemporaneously objected to the prosecutor's clearly improper third comment; the court specifically considered all the comments now before us; and the defendant made an oral motion for a new trial for which the State did not object. See *People v. Biers* (1976), 41 Ill. App. 3d 576, 353 N.E.2d 389.

■ Additionally, contrary to the State's third subargument, we find no cure for the prosecutor's error. Neither the court's sustaining of the defendant's objection to the comments nor the State's instruction to the jury that the defendant's failure to testify could not be used against him was an effective cure. (See *People v. Chellew* (1968), 104 Ill. App. 2d 100, 243 N.E.2d 49; *People v. Lee* (1976), 44 Ill. App. 3d 43, 357 N.E.2d 888.) The prosecutor's comments require reversal.

■ As we reverse, we must consider this sufficiency of the proof against the defendant. We find that salesman Martin's identification of the defendant was unusually strong. Any seeming equivocation in Martin's statement at the photographic lineup is completely overshadowed by his selecting the defendant's photograph and his repeated, confident in-court identification of the defendant. Considering Martin's and Document Examiner Wichmann's testimony in particular, we find clearly sufficient evidence to prove the defendant's guilt beyond a reasonable doubt.

Accordingly, the judgment of the circuit court of Will County is reversed and we remand for a new trial.

Reversed and remanded.

WOMBACHER and HEIPLE, JJ., concur.