## LAMBERT *v.* STATE
[No. 65, October Term, 1950.]

*Decided January 10, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Louis S. Ashman,* with whom were *Ashman & Link* on the brief, for the appellant.

The Court declined to hear argument for the appellee.

*Hall Hammond, Attorney General, Kenneth C. Proctor, Assistant Attorney General, Henry L. Constable, State's Attorney for Cecil County,* and *Gifford Scarborough, Assistant State's Attorney,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

The Rev. Percy K. Lambert, of Elkton, has appealed here from a judgment of conviction entered in the Circuit Court for Cecil County on the charge of violating the statute which makes it unlawful to erect or maintain any sign intended to aid in the solicitation or performance of marriages. Laws of 1943, ch. 532, Code Supp. 1947, art. 27, sec. 444A.

This is the second time the case has been tried and brought here on appeal. The case was first tried in December, 1948. It was shown by the State that in 1947 defendant maintained a sign with the name "Rev. P. K. Lambert" at the entrance to his home on East Main Street. The Court admitted in evidence a bulletin of marriage information which had been issued by defendant, and it appeared that 4,000 of these bulletins had been printed in 1946. Defendant was found guilty and was fined $50.

In November, 1949 the Court of Appeals held that the Circuit Court had committed prejudicial error in admitting the testimony of the Rev. Walter A. Hearne, pastor of the Methodist Church of Elkton, that defendant was not a member of the Cecil County Ministerial Association, which was composed of 32 Protestant clergymen. We reversed the judgment and remanded the case for a new trial. *Lambert v. State*, 193 Md. 551, 69 A. 2d 461.

The case was tried the second time in December, 1949. The evidence was substantially the same as at the first trial, except that the testimony that defendant was not a member of the Ministerial Association was omitted. Defendant was again found guilty. In January, 1950, the trial judge, after overruling a motion for a new trial, again imposed a fine of $50.

*First.* Defendant contends that his conviction violates his constitutional rights. We have already held otherwise. Another resident of Elkton, the Rev. William F. Hopkins, was convicted in 1948 on a similar charge. In his case no objection was made in the Circuit Court to the testimony that he was not a member of the Ministerial Association. As there was no ruling by the trial judge on the testimony, there was no justification for holding that he had committed reversible error. As we held that the Act of 1943 does not violate the First and Fourteenth Amendments of the Constitution of the United States, we affirmed the judgment of conviction. *Hopkins v. State*, 193 Md. 489, 69 A. 2d 456.

The Rev. Mr. Hopkins appealed from our decision; and on April 24, 1950, the Supreme Court of the United States dismissed the appeal "for want of a substantial federal question." *Hopkins v. State of Maryland*, 339 U. S. 940, 70 S. Ct. 797, 94 L. Ed. 1357.

*Second.* Objection is made to the testimony of the Rev. Mr. Hearne that defendant was not the pastor of any church in Elkton and did not perform any ministerial duties in the town except marrying couples. We decided on the former appeal that this testimony was admissible. *Lambert v. State*, 193 Md. 551, 557, 69 A. 2d 461, 463. Defendant now insists that the answers given by the witness indicated that he did not possess sufficient information to testify on the subject. The witness was asked whether the Rev. Mr. Lambert was the pastor of any church in Elkton; and he replied, "Not to my knowledge." He was then asked in what activity the Rev. Mr. Lambert was engaged; and he replied, "So far as I know, he is in the business of marrying couples that come to Elkton."

Defendant relied on the ruling of this Court in *Jacobs v. Disharoon*, 113 Md. 92, 100, 77 A. 258, that where the issue is whether or not a person has been in possession of land, a witness cannot testify that "as far as he knew" the person was in possession, unless he discloses what knowledge he has on the subject, or by what acts possession was taken. The reason for that ruling, of course, was that it would have been impossible for the jury to properly weigh such vague testimony. We do not deny that observation of the matters to be testified to is an essential conception in the qualifications of every witness. By "observation" we mean that direction of attention which is the source of impressions, and thus of knowledge. But the result of the observation of a witness need not be positive or absolute certainty. It is sufficient if the witness had an opportunity of personal observation and got some impressions from this observation.

In the case at bar the witness had been serving as the pastor of the Methodist Church in Elkton since June, 1945. It is reasonable to believe that a man who has been the pastor of a church in Elkton for nearly five years knew whether or not defendant was serving as the pastor of a church in that town. The testimony was not too vague and uncertain to have probative value. It is substantially the same as that introduced at the first trial one year before. We see no reason to cause us to change the ruling we made upon the testimony on the first appeal.

*Third.* The chief objection is to the comment which the trial judge made in his charge to the jury that defendant did not take the witness stand. The complete instruction was as follows: "Another matter to which I must call your attention is that the accused in this case did not take the stand. Under the Constitution of this State and of the United States, a person is not compelled to give evidence against himself. Therefore, the failure of an accused person to take the stand is not a ground for any inference that by reason of his failure to do that he is guilty. You have no right to infer guilt from the failure of the defendant in this case to take the stand."

In recent years there has been strong sentiment in this country in favor of the enactment of legislation allowing comment upon the fact that a defendant in a criminal case did not testify. In 1931 the American Law Institute approved the proposition that "the judge, the prosecuting attorney, and counsel for the defense may comment upon the fact that the defendant did not testify." 9 Proceedings, American Law Institute, 202. In the same year the American Bar Association approved a resolution "that by law it should be permitted to the prosecution to comment to the jury on the fact that a defendant did not take the stand as a witness; and to the jury to draw the reasonable inferences." 56 Reports, American Bar Association, 137.

In 1936 the Supreme Court of South Dakota, by a vote of three to two, held that an Act of the Legislature declaring that the failure of a person charged with crime to testify in his own behalf shall be a proper subject of comment by the prosecuting officer was a violation of the constitutional provision that no person shall be compelled in any criminal case to give evidence against himself. The majority opinion pointed out that South Dakota was the only State with a constitutional provision against self-incrimination that had undertaken, solely by legislative act, to authorize comment on the defendant's failure to testify; that the change of the rule in Ohio and the unsuccessful attempts to change it in New York and Michigan had been by constitutional amendment. The Court then said: "The United States and forty-six of the forty-eight states have provisions in their Constitutions against self-incrimination, New Jersey and Iowa having no such constitutional provisions. * * * It may be that the right to comment upon the failure of the accused to exercise his right to become a witness in his own behalf should be conferred upon prosecutors as a matter of public policy; but if prosecutors are to have such right it must be conferred upon them by constitutional amendment." The minority opinion said: "The constitutional guaranty is that no person shall be compelled in any criminal case to give evidence against himself; not that he shall not be morally coerced. * * * The moral coercion of the defendant, which may impel him to take the witness chair, is the consciousness that the jurors will observe his failure to do so, and * * * treat it as an evidence of guilt. * * * The comment of the prosecutor does not create a situation which did not already exist and was not already evident to every juror." *State v. Wolfe,* 64 S. D. 178, 266 N. W. 116, 120, 104 A. L. R. 464, 470, 476.

Maryland, like most of the States, has the constitutional provision "That no man ought to be compelled to give evidence against himself in a criminal case." Md. Declaration of Rights, art. 22. The provision in our evidence

statute, which was enacted by the Legislature seventy-five years ago to give added protection to persons charged with crime, in no way conflicts with the Constitution. The statute provides: "In the trial of all indictments, complaints and other proceedings against persons charged with the commission of crimes and offenses, * * * the person so charged shall at his own request, but not otherwise, be deemed a competent witness; but the neglect or refusal of any such person to testify shall not create any presumption against him." Laws of 1876, ch. 357, Laws of 1888, ch. 545, Code 1939, art. 35, sec. 4.

In 1936 this statute came up for review in *Smith v. State*, 169 Md. 474, 477, 182 A. 287, 288. There the State's Attorney of Dorchester County had made the comment that the accused had failed to testify. As soon as the comment was made, the accused moved that a juror be withdrawn and a mistrial be declared. The Court denied the motion, and advised the jury (1) that the accused was not compelled to testify, and (2) that the jury were not at liberty to entertain any presumption against the accused from his refusal to testify. The Court of Appeals affirmed the conviction on the ground that there was no basis upon which to find that the jury had been influenced to the prejudice of the accused by the improper comment. Judge Parke said in that case: "The error was followed so closely by its adequate correction at the hands of the court that the minds of the jurors could not have been prejudiced against the accused by the remark. The corrective method employed by the court had the tendency, in point of fact, to cause, under the circumstances stated, a reaction in favor of the traverser because of the emphasis given to the duty of the jurors not to entertain any presumption against the accused because of his absence from the stand."

While it is improper in this State for a prosecuting officer to comment upon the fact that the accused failed to testify, it is not prejudicial error for the trial judge to comment that the accused failed to take the stand, if he immediately afterwards instructs the jury that

his failure to take the stand cannot be made the basis. for any inference of guilt. The purpose of the Maryland statute is to prevent the creation of any presumption against the accused by reason of his failure to testify. It is not logical to say that it is prejudicial to the accused for the trial judge to instruct the jury that they cannot infer guilt from the failure of the accused to testify. The instruction given in the Court below could not have been prejudicial in any way to the accused, because the judge distinctly cautioned the jury against the very presumption which the statute aims to guard against. While the instruction was not necessary, it was not reversible error.

In other States, where there are statutes similar to the Maryland statute, the Courts have generally held that it is not reversible error to instruct the jury that the failure of the accused to testify does not create any presumption of guilt against the accused. *Ruloff v. People,* 45 N. Y. 213, 221-223; *People v. Ferrise,* 219 Mich. 471, 189 N. W. 56; *State v. Bower,* 191 Iowa 713, 183 N. W. 322; *State v. De Witt,* 186 Mo. 61, 84 S. W. 956; *State v. Dierlamm,* 189 La. 544, 180 So. 135; *Fulcher v. State,* 28 Tex. App. 465, 13 S. W. 750.

Congress also has passed a statute similar to the Maryland statute. Act of March 16, 1878, 18 U. S. C. A., sec. 3481. In referring to the failure of the accused to take the stand in *Becher v. United States,* 2 Cir., 5 F. 2d 45, 49, Judge Learned Hand said: "It is no doubt better if a defendant requests no charge upon the subject, for the trial judge to say nothing about it; but to say that when he does, it is error, carries the doctrine of self-incrimination to an absurdity." Finally, the Supreme Court of the United States held in *Bruno v. United States,* 308 U. S. 287, 60 S. Ct. 198, 84 L. Ed. 257, that an accused person has the right to have the trial court instruct the jury that his failure to take the witness stand and testify in his own behalf does not create any presumption against him, and upon his request the court must give that instruction.

As we find no reversible error in the rulings of the trial judge or in his charge to the jury, the judgment of conviction will be affirmed.

*Judgment affirmed, with costs.*