Russell *v.* State

5161                                    398 S. W. 2d 213

Opinion delivered January 24, 1966

*Harold Sharpe,* for appellant.

*Bruce Bennett,* Attorney General, *Fletcher Jackson,* Asst. Atty. Gen., for appellee.

George Rose Smith, Justice. The three appellants were convicted of burglary and grand larceny and were sentenced to ten years imprisonment upon each count. For reversal they question the admissibility of certain evidence and the correctness of the trial court's instructions.

Gene Harris's home was broken into and burglarized at some time during the day on April 8, 1965, while Harris and his wife were away at work. When Harris returned shortly before seven o'clock he discovered the burglary and reported it to the county sheriff and the Forrest City police. By then, as we shall see, the officers were already conducting a vigorous search for the three men who were ultimately convicted in the court below.

Earlier that same evening, between 5:30 and 6:00 o'clock, the three appellants bought vodka at a liquor store near Forrest City. The clerk in the liquor store became suspicious when the men paid for the vodka with Kennedy half dollars (coins struck in memory of President Kennedy), exchanged ten more Kennedy half dollars for a five dollar bill, and offered to exchange even more of the half dollars for paper money. The clerk obtained the license number of the appellants' car and reported it to the Forrest City police.

Officer Bassett, who received the report, set out in search of the three men and soon spotted their car on the highway near Forrest City. The officer gave chase, but the fugitives sped away, turned down a side road, abandoned their car, and fled into the woods. City and county police set up road blocks in an effort to apprehend the criminals. During the same evening, while the manhunt continued, the officers learned of the burglary at the Harris home and of the theft of a quantity of Kennedy half dollars in a nearby county. Finally, at about 1:30 the next afternoon, the officers tracked down the fugitives and arrested them.

It is first contended that the trial court erred in permitting the State to prove, in its case in chief, that the defendants were habitual offenders with prior criminal records. The Attorney General now concedes, as he must, that the court's procedure was reversible error in view of an opinion handed down after the present case was tried: *Miller* v. *State*, 239 Ark. 836, 394 S. W. 2d 601 (1965). Inasmuch as there must be a new trial we

consider those asserted errors that are likely to arise again.

The State was allowed to prove, over the defendants' objections, that a shotgun and other articles stolen from the Harris home were found in the car abandoned by the fugitives. Counsel for the appellants is in error in contending that the record discloses an unlawful search of the vehicle. What is prohibited is an *unreasonable* search and seizure. *Preston* v. *United States,* 376 U. S. 364, 11 L. Ed. 2d 777, 84 S. Ct. 881 (1964). It was certainly reasonable for the officers to search the car for firearms and even to remove the car, to prevent the felons from coming back and using it in their flight. Moreover, Sheriff Montgomery testified that the stolen property was piled on the rear seat of the vehicle, so that he could recognize it from the outside. In this situation, where the articles are identified without a trespass on the part of the officer, there is no "search" within the constitutional prohibition. *United States* v. *Lee,* 274 U. S. 559, 71 L. Ed. 1202, 47 S. Ct. 746 (1927); *Petteway* v. *United States,* 261 F. 2d 53 (4th Cir. 1958).

The appellants also complain that they were arrested without a warrant. The arrest was proper, however, if the officers had reasonable grounds for believing that the three men had committed a felony. *Lane* v. *State,* 217 Ark. 114, 229 S. W. 2d 43 (1950). At the time of the arrest the officers knew that a quantity of Kennedy half dollars had been stolen and that the fugitives had an unusual supply of those coins in their possession. Nineteen more of the half dollars were found while the officers were trailing the men. The hunted men had eluded the officers for many hours. In the circumstances the officers would unquestionably have failed in their duty if they had *not* arrested the suspects, with or without a warrant.

Lastly, the instructions. None of the three accused took the witness stand. The court, despite the objections of defense counsel, told the jury that the accused had

the right to testify or not to testify and that their failure to do so was not evidence of guilt and was not to be considered by the jury. This is a familiar instruction. When the accused *asks* that such a charge be given it is reversible error for the court to deny the request. *Cox* v. *State*, 173 Ark. 1115, 295 S. W. 29 (1927). When, however, the accused *objects* to such an instruction, a different situation is presented. Our decisions on the point have not been entirely harmonious. We held in *Watson* v. *State*, 159 Ark. 628, 252 S. W. 582 (1923), that the giving of the instruction was prejudicial error, but we took the opposite view in *Thompson* v. *State,* 205 Ark. 1040, 172 S. W. 2d 234 (1943). Upon reconsidering the question we have concluded that the instruction ought not to be given against the wishes of the defendant. If the accused is to have the unfettered right to testify or not to testify he should have a correlative right to say whether or not his silence should be singled out for the jury's attention.

We find no merit in the appellants' objections to commonplace instructions concerning the inference of guilt that may be drawn from the defendants' flight or from their possession of recently stolen goods.

Reversed.