738

5-5200                                        401 S. W. 2d 729

Opinion delivered April 25, 1966

*J. B. Milham,* for appellant.

*Bruce Bennett,* Attorney General; *Fletcher Jackson,* Asst. Atty. General, for appellee.

OSRO COBB, Justice. The record in this case reflects that appellant was charged and convicted in the Municipal Court of Benton of an offense committed on March 21, 1964, of driving a vehicle while under the influence of intoxicating liquor. Thereafter appellant was charged and convicted in the same court for a subsequent offense on March 3, 1965, of driving a vehicle while under the influence of intoxicating liquor. Appellant seasonably appealed the second conviction to the Circuit Court. There, upon trial, the jury returned the following verdict:

''We, the jury, find the defendant guilty of driving while intoxicated, subsequent offense, and fix his punishment at $250.00 and imprisonment of 10 days.''

We note that the punishment fixed by the jury is the minimum punishment upon conviction for a subsequent

offense of this character under the provisions of Ark. Stat. Ann. § 75-1029 (Repl. 1957).

At the outset of the trial in the Circuit Court, the state's attorney in his opening statement was permitted, over the objection of appellant, to advise the jury that appellant was on trial for a subsequent offense. Appellant in his motion for a new trial preserved this contention of error by the trial court. It is clear from the language of the verdict returned by the jury that it had in fact been informed of previous conviction of the appellant for a similar offense.

On October 18, 1965, we decided the case of *Miller* v. *State*. 239 Ark. 836, 394 S. W. 2d 601 (1965), which is now controlling as to trials of repeat or subsequent offenders. In that case we made it clear that the jury should not be informed of a defendant's prior criminal record during his trial for a current offense. We quoted with approval from *Lane* v. *Warden, Md. Penitentiary*, 320 F. 2d 179 (4th Cir. 1963) the following:

"We reach the conclusion that under the facts of this case the reading to the jury, at the commencement of Lane's trial, of that portion of the indictments relating to his prior convictions destroyed the impartiality of the jury and denied him due process of law."

The trial of the instant case was completed on October 21, 1965, before the printing and distribution of our decision in *Miller* v. *State, supra,* and could hardly have been conducted in the light of the new procedural rules announced by us in the *Miller* case.

However, we have concluded that the principles announced in *Miller* v. *State, supra,* are applicable here and the judgment must therefore be reversed and the case remanded for a new trial.

Reversed and remanded.