ANDREW JACKSON ROWE *v.* STATE OF ARKANSAS

5303                                             419 S. W. 2d 806

Opinion delivered October 30, 1967

*Phillip D. Hout,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. General, for appellee.

CONLEY BYRD, Justice. This is a proceeding under Criminal Procedure Rule No. 1, 239 Ark. 850a. Appellant's conviction, resulting in consecutive sentences of 21 years for robbery and 7 years for burglary, was originally affirmed by this court in 1955. See *Rowe* v. *State,*

224 Ark. 671, 275 S. W. 2d 887 (1955). In this post-conviction procedure appellant offered no additional proof, but relied on the record previously made. For reversal of the trial court's order refusing him any relief, he relies on the following points.

I. The petition for writ of habeas corpus should have been granted because, in the original trial, the court erroneously permitted the state to introduce evidence of appellant's previous convictions in the state's case in chief.

II. The petition for writ of habeas corpus should have been granted because the penitentiary commitment does not specify which of appellant's consecutive sentences is to run first.

I

Appellant contends that we should give retroactive effect to our decision in *Miller* v. *State,* 239 Ark. 836, 394 S. W. 2d 601 (1965). In *Miller,* reversing our former procedure, we held that the prosecuting attorney could not, on a trial of the primary charge, inform the jury of prior convictions for purposes. of invoking the additional penalties of the habitual criminal statute, Ark. Stat. Ann. § 43-2328 (Repl. 1964). This holding has been applied retroactively to cases then in the ordinary appellate process. *Russell* v. *State,* 240 Ark. 97, 398 S. W. 2d 213 (1966); *Francis* v. *City of Benton,* 240 Ark. 738, 401 S. W. 2d 729 (1966). However, we do not feel that we should apply it retroactively to cases finally adjudicated and in which the appellate process has been completed. Other courts with the same problem have arrived at similar conclusions. *Linkletter* v. *Walker,* 381 U. S. 618 (1965); *Tehan* v. *Shott,* 382 U. S. 406 (1966).

The procedure under the habitual criminal statute is now controlled by Act 639 of 1967.

## II.

We find appellant's second point to be without merit. The commitment originally issued by the trial court directed that appellant be ". . . delivered to the penitentiary authorities . . . and there confined at hard labor for the period of 21 years for robbery and 7 years for burglary, both sentences to run consecutively . . ." On this record we had no trouble on the original appeal in determining that the sentences were consecutive and that the 21-year sentence was to be served before the 7-year sentence. The determination of which sentence shall run first is a matter within the discretion of the trial court and we find no abuse of it in this case. Ark. Stat. Ann. §§ 43-2311-2312 (Repl. 1964).

Affirmed.