531 A.2d 1305

**Anthony E. HARDAWAY**

v.

**STATE of Maryland.**

**No. 157, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Oct. 13, 1987.

Michael R. Braudes, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Jack Lesser, Asst. State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before WILNER, KARWACKI and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

Anthony E. Hardaway, appellant, was convicted by a jury in the Circuit Court for Baltimore City of attempted murder in the first degree. His motion for a new trial was denied and he was sentenced to life imprisonment. On this appeal of that judgment, he presents four issues:

1. Did the trial court err in instructing the jury, over appellant's objection, that appellant had a constitutional right not to testify and that no adverse inference was to be drawn from his election to remain silent?

2. Did the trial court err in admitting the testimony of Wanda Smith in the State's case in rebuttal?

3. Did the trial court err in commenting to the jury on the facts of the case?

4. Did the trial court err in failing to instruct the jury on all the necessary elements of attempted murder?

We will address the issues in the order presented, providing during the discussion of each such facts as are necessary to its resolution.

1.

Over appellant's objection, the court instructed the jury: Now, as you have seen, the defendant himself did not take the witness stand to testify in his own defense. Every individual has that absolute constitutional right not to testify. You must not presume or infer any guilt, because the defendant chose not to take the stand to testify.

Because appellant's objection was to the fact of the giving of the instruction, not to its substance, the court explained

that it gave the instruction over that objection "because on occasion I have found the jurors comment that they thought the defendant was somehow barred from testifying because he didn't testify.... I believe the jury ought to be told that it was the defendant's decision not to testify, rather than the State having or the court having prevented him from testifying." Appellant strenuously contends that, in so instructing the jury, the court committed reversible error.

*Lakeside v. Oregon,* 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978), holding that the giving of a cautionary "right not to testify" instruction does not violate the privilege against compulsory self-incrimination guaranteed by the Fifth and Fourteenth Amendments of the federal Constitution, *id.,* 435 U.S. at 340–41, 98 S.Ct. at 1095, and *Lambert v. State,* 197 Md. 22, 78 A.2d 378 (1951) and *Pearson v. State,* 28 Md.App. 196, 343 A.2d 916, *cert. granted,* 276 Md. 748 (1975), *petition dismissed as improvidently granted,* September Term, 1975, No. 113 (filed March 4, 1976), both decided prior to *Lakeside,* are pertinent to our resolution of this issue.

In *Lambert,* the Court of Appeals held that "it is not prejudicial error for the trial judge to comment that the accused failed to take the stand, if he immediately afterwards instructs the jury that his failure to take the stand cannot be made the basis for any inference of guilt." 197 Md. at 29–30, 78 A.2d 378. It is not clear from the record of that case, however, whether the defendant objected to, or in any way opposed, the giving of such an instruction.

The facts before this Court in *Pearson* were quite similar to those *sub judice,* although the issue presented was different: whether the giving of a cautionary "right not to testify/no adverse inference" instruction violated provisions of the federal Constitution. Foreshadowing the Supreme Court's decision in *Lakeside,* we held that it did not. The Court observed:

The accused is, of course, entitled to such instruction if it is requested by him. We are not persuaded, however, that the giving of such an instruction by the trial judge

> *sua sponte,* or at the request of the prosecutor, even over the objection of the accused, constitutes reversible error in the absence of a showing that the accused suffered actual prejudice as a result of such instruction. Whether to give the instruction lies in the sound discretion of the trial judge and, unless an accused can show a clear abuse of discretion, the action of the trial judge in giving such instruction will not be disturbed if it is phrased in terms proper and fair to the accused.

28 Md.App. at 202, 343 A.2d 916. Then, concluding that the defendant had not shown actual prejudice and that the instruction was properly phrased, the court opined that the trial judge did not abuse his discretion in giving the instruction over the defendant's objection. *Id.* The Court acknowledged, however, "that it is the better practice for a trial judge to honor the request of an accused to refrain from advising the jury that no inference of guilt should be drawn from his failure to take the stand." 28 Md.App. at 201, 343 A.2d 916.

The Supreme Court, in *Lakeside,* rejected the argument, based on *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)[1], that a "protective instruction becomes constitutionally impermissible when given over the defendant's objection." 435 U.S. at 338, 98 S.Ct. at 1094. The Court stated that *Griffin* concerned only "adverse" comments and, further, that "a judge's instruction that the jury must draw *no* adverse inferences of any kind from the defendant's exercise of his privilege not to testify is 'comment' of an entirely different order". (emphasis in original) 435 U.S. at 338–39, 98 S.Ct. at 1094. The Court also

---

**1.** Building upon a statement in *Griffin,* namely, "For comment on the refusal to testify is a remnant of the 'inquisitorial system of criminal justice', *Murphy v. Waterfront Comm'n,* 378 U.S. 52, 55 [84 S.Ct. 1594, 1596, 12 L.Ed.2d 678] [ (1964) ], which the Fifth Amendment outlaws", 380 U.S. at 614, 85 S.Ct. at 1232, the defendant proffered that calling the jury's attention in any way to a defendant's failure to testify, except with his acquiescence, violates the privilege against compulsory self-incrimination. *Lakeside,* 435 U.S. at 338, 98 S.Ct. at 1094.

rejected the defendant's argument that, since he presented a defense through several witnesses, the giving of the cautionary instruction was like "waving a red flag in front of the jury." 435 U.S. at 340, 98 S.Ct. at 1095. In the Court's view, "[t]he very purpose of a jury charge is to flag the jurors' attention to concepts that must not be misunderstood, such as reasonable doubt and burden of proof. To instruct them in the meaning of the privilege against self-incrimination is no different." *Id.* The Court, finally, left open to each state the option whether "to forbid its trial judges from [giving the instruction over defense objection] as a matter of state law" and observed that "[i]t may be wise for a trial judge not to give such a cautionary instruction over a defendant's objection." *Id.*

Also relevant to our inquiry is the fact that the states that have considered this issue have reached differing results. For cases holding that the giving of the instruction over the defendant's objection is reversible error, *see e.g., Commonwealth v. Buiel,* 391 Mass. 744, 463 N.E.2d 1172 (1984); *Russell v. State,* 240 Ark. 97, 398 S.W.2d 213 (1966); *Villines v. State,* 492 P.2d 343 (Okla.1971); *State v. Kimble,* 176 N.W.2d 864 (Ia.1970); *People v. Lee,* 44 Ill.App.3d 43, 2 Ill.Dec. 668, 357 N.E.2d 888 (1976).[2] For cases reaching the opposite result, *see e.g., State v. Wheeler,* 43 Wash. App. 191, 716 P.2d 902 (1986); *Lujan v. State,* 626 S.W.2d 854 (Tex.App.1982); *Hines v. Commonwealth,* 217 Va. 905, 234 S.E.2d 262 (1977); *State v. Perry,* 223 Kan. 230, 573

---

**2.** The rationale for the decision reached in these cases ranges from a statement of state policy, *Buiel,* 463 N.E.2d at 1174, to ensuring that "[i]f the accused is to have the unfettered right to testify or not to testify he should have a correlative right to say whether or not his silence should be singled out for the jurors' attention," *Russell v. State,* 398 S.W.2d at 215, to the recognition "that the instruction is a comment on defendant's failure to testify even though it is supposedly for the defendant's benefit and is designed to keep the jury from speculating on the reasons for his failure to take the stand and drawing improper inferences therefrom." *Kimble,* 176 N.W.2d at 869; *Lee,* 357 N.E.2d at 889.

P.2d 989 (1977).[3] Although the facts are considerably different than those in this case,[4] the rationale of *Wheeler* is of particular interest to us. In refusing to hold that the giving of a cautionary instruction regarding a defendant's right not to testify, absent request or consent, is reversible error as a matter of state constitutional law, the Court said,

> We are ... unpersuaded by Wheeler's reliance on the Washington Constitution. Article 1, § 9 (privilege against self-incrimination) is similar to the Fifth Amendment provision and should be given the same interpretation.... *Lakeside* should therefore control. Article 4, § 16, mandates that judges not comment on the evidence but declare the law. In this case, the disputed instruction briefly and accurately stated the law. (citation omitted)

716 P.2d at 909.

Fully aware of the foregoing, appellant nevertheless, on points reminiscent of one of the arguments made by the defense in *Lakeside* and the position eloquently espoused by the late Judge Lowe in dissent in *Pearson*[5], argues that the propounding of the instruction was, as a matter of state

---

**3.** The rationale of these cases is essentially that espoused by *Lakeside* and *Pearson.* For the most part the cases stress that if the instruction is correctly phrased and, therefore, is a correct statement of the law, it cannot be harmful to a defendant. *See Perry*, 553 P.2d at 990; *Hines*, 234 S.W.2d at 266; *Lujan*, 626 S.W.2d at 863. *See* generally Annot. 18 ALR 3d 1335 (1968 and 1986 supplement).

**4.** Wheeler, although present on the first day of trial, left before the end of that day and did not return before the trial was concluded.

**5.** In addition to criticizing the placement of an "impossible burden" on a defendant to show "actual prejudice" resulting from the giving of the instruction over the defendant's objection, 28 Md.App. at 204, 343 A.2d 916, Judge Lowe persuasively argued:

> If an accused is "entitled as a matter of right to have the trial judge tell the jury it must not attach any importance to defendant's failure to testify", ... he should have the correlative right to say whether or not his silence should be singled out for the jury's attention. (citation omitted)

28 Md.App. at 205, 343 A.2d 916. In his view, "[e]ven constitutional rights can be forced-fed to a reluctant defendant until he is choked by the well-intended benefactor." *Id.*

constitutional and non-constitutional law, reversible error. Specifically, he proffers:

... [A] judge should not instruct a jury at all on this subject where the defense requests that he not do so. Under some circumstances, any comment at all may effectively be "adverse" to the defense simply because it calls the jury's attention to a subject that the defense would, justifiably, prefer to keep from the focused attention of the trier of fact. Where as here a number of witnesses testified for both sides, and a number of factual issues were generated, it is quite plausible that jury would have had more than enough to think about without concentrating on the fact that Appellant chose not to take the stand. When, however, the trial judge twice directed their attention to this fact, the possibility of focus and consequent harm was dramatically increased.

Appellant commends to our consideration the reasoning of those cases which have found the propounding of an instruction on silence, over the defendant's objection, to be reversible error.

We now turn to the case *sub judice*. We note at the outset that Article 22 of the Maryland Declaration of Rights, like its federal counterpart, the Fifth Amendment to the United States Constitution, embodies the privilege against compelled self-incrimination. It is settled law in Maryland that these two constitutional provisions are parallel provisions and are *in pari materia*. *Richardson v. State*, 285 Md. 261, 265, 401 A.2d 1021 (1979); *Brown v. State*, 233 Md. 288, 296, 196 A.2d 614 (1964); *Bass v. State*, 182 Md. 496, 500, 35 A.2d 155 (1943); *Blum v. State*, 94 Md. 375, 382, 51 A.2d 26 (1902); *Ellison v. State*, 65 Md.App. 321, 331, 500 A.2d 650 (1985) *cert. granted*, 305 Md. 600, 505 A.2d 856 (1986); *Leatherwood v. State*, 49 Md.App. 683, 689 n. 4, 435 A.2d 477 (1981). As such, our cases have held that they have received, and should receive, a like construction. *Adams v. State*, 202 Md. 455, 460, 97 A.2d 281 (1953), *rev'd on other grounds*, 347 U.S. 179, 74 S.Ct. 442, 98 L.Ed. 608 (1954); *Bass*, 182 Md. at 500, 35 A.2d 155; *Blum*, 94

Md. at 382, 51 A.2d 26; *Ellison,* 65 Md.App. at 331, 500 A.2d 650. This means, as the Court of Appeals has explicitly held concerning the effect Supreme Court decisions interpreting the Fourteenth Amendment have on that Court's interpretation of Article 24 of the Maryland Declaration of Rights, *see Bureau of Mines v. George's Creek,* 272 Md. 143, 156, 321 A.2d 748 (1974); *Attorney General v. Waldron,* 289 Md., 683, 704–05, 426 A.2d 929 (1981); *Hargrove v. Bd. of Trustees of the Md. Retirement Syst.,* 310 Md. 406, 416, 529 A.2d 1372, 1376–77 (1987), that federal cases construing the Fifth Amendment are persuasive authority with regard to the construction to be given Article 22. That being the case, although expressly made non-binding upon the states, *Lakeside* is persuasive authority on the issue confronting us. In fact, it becomes even more persuasive when one considers that, some two and one-half years earlier, this Court, in *Pearson,* construed the Fifth Amendment of the Constitution and reached the exact result that *Lakeside* did.

█ In light of the foregoing, we hold that the court did not commit reversible error by instructing the jury, over appellant's objection, concerning appellant's silence. We hasten to add, consistent with the majority of courts that have considered the issue, that it is the better practice for the court to refrain from giving such an instruction when a defendant objects to it. This is so because the State is not prejudiced by the absence of the instruction and because the defendant, who has the absolute right to decide whether to testify or not, is thereby given the correlative right to determine whether his election should be brought to the jury's attention.

2.

One of the issues at trial was the identity of the person who shot Ronald Smith three times. On that subject, Smith's wife testified for the State that she received the full name of the shooter, whom she identified as appellant, from a person by the name of Boyce Rock. Appellant called

Rock as his witness. Rock testified that he never gave appellant's name to either the victim or his wife. On cross-examination, he denied receiving a threat from appellant's uncle in an attempt to get him to change his story. Over appellant's objection, Smith's wife was recalled in the State's case in rebuttal and testified that Rock told her that he had been threatened by appellant's uncle both for revealing appellant's full name and in an attempt to prevent his testifying.

Appellant contends that the court erred in admitting Smith's wife's testimony as rebuttal evidence. He proffers three reasons why the admission of that evidence was erroneous:

1. That it was not proper rebuttal;

2. Evidence of threats not tied to the defendant on trial is inadmissible; and

3. The evidence was extrinsic evidence offered to impeach on a collateral matter.

Appellant's objection to the evidence at trial was on the basis that it was not proper rebuttal. The additional two reasons he posits on appeal were offered for the first time in his motion for a new trial, which the trial judge denied. Since appellant did not present the latter two arguments to the trial court prior to the admission of the evidence, and he does not attack the trial judge's ruling on the motion for new trial on appeal, those issues are not properly preserved for our review. *See von Lusch v. State*, 279 Md. 255, 261–63, 368 A.2d 468 (1977); *Thomas v. State*, 301 Md. 294, 328, 483 A.2d 6 (1984); Md. Rule 1085. Consequently, we will only address the question of whether Mrs. Smith's testimony was proper rebuttal.

Rebuttal evidence "includes any competent evidence which explains, or is a direct reply to, or a contradiction of, any new matter that has been brought into the case by the defense". *Huffington v. State*, 295 Md. 1, 14, 452 A.2d 1211 (1982), *cert. denied,* —— U.S. ——, 106 S.Ct. 3315, 92 L.Ed.2d 745 (1986), quoting *State v. Hepple*, 279 Md. 265,

270, 368 A.2d 445 (1977). The question of what constitutes rebuttal evidence rests in the sound discretion of the trial court, the exercise of which will not be reversed unless the ruling is both "manifestly wrong and substantially injurious". *Huffington,* 295 Md. at 14, 452 A.2d 1211; *Hepple,* 279 Md. at 270, 368 A.2d 445; *Mayson v. State,* 238 Md. 283, 289, 208 A.2d 599 (1965); *Campbell v. State,* 65 Md. App. 498, 507, 501 A.2d 111 (1985), *cert. denied,* 305 Md. 599, 505 A.2d 856 (1986). In order to justify reversal, the testimony improperly admitted in rebuttal must be sufficiently egregious to satisfy this test. *See Thomas v. State,* 301 Md. at 309, 483 A.2d 6.

■ The focus of appellant's argument is that the issue rebutted was generated by the State on the cross-examination of appellant's witness. This, appellant says, is impermissible as the predicate for rebuttal evidence. Appellant does not suggest that the testimony of Mrs. Smith did not explain, contradict, or directly reply to Rock's testimony. We have held, *see Scarborough v. State,* 50 Md.App. 276, 283–85, 437 A.2d 672 (1981), *cert. denied,* 292 Md. 639 (1982), that it is not improper for the State to present rebuttal testimony to contradict testimony of a defense witness on an issue brought out by the State on cross-examination. Moreover, viewing the issue in context, we are unable to find an abuse of discretion in this case because we do not find the admission of the testimony to have been manifestly wrong or substantially injurious.

### 3.

While instructing the jury, the court commented as follows:

Statements and arguments of the lawyers directed to you or me during the course of the trial are not evidence in the case. The only evidence in the case that you can base this decision on is the testimony that you have heard. Now, I have received a few notes from you during the

course of the trial. Those questions that we are able to answer, they have been answered. A couple of these questions, there is no evidence about what the answer is to the question. For example, Where was Anthony the night of the shooting? Where is the weapon? The defendant was not arrested until about a year after the shooting occurred. I am not sure that anybody can give you an answer as to where the weapon is, no matter who did the shooting. Someone was arrested a year later. Even if it is the right person, I don't know how you can find a weapon. To those kinds of questions, I don't know what kinds of answers you get. More importantly, you have to decide the case on the basis of the evidence you have before you.

Appellant contends that in so doing, the court made improper comment on the evidence and thus committed reversible error.

■ A trial court may "refer to or summarize the evidence in order to present clearly the issues to be decided ... [so long as] the court shall instruct the jury that it is the sole judge of the facts, the weight of the evidence, and the credibility of the witnesses." Md.Rule 4–325(d). In other words, any comment made by the trial court on the evidence must be fair and impartial. *Coby v. State,* 225 Md. 293, 296–97, 170 A.2d 199 (1961); *Thomas v. State,* 50 Md.App. 286, 304, 437 A.2d 678 (1981), *cert. denied,* 292 Md. 639 (1982); *Bell v. State,* 48 Md.App. 669, 679, 429 A.2d 300, *cert. denied,* 291 Md. 771 (1981). In the case *sub judice,* viewed in context and in light of all of the instructions, *Poole v. State,* 295 Md. 167, 186, 453 A.2d 1218 (1983), we do not find that the trial court improperly or unfairly commented on the evidence. The jury was specifically instructed as to its role in judging the facts, the weight of the evidence, and the credibility of the witnesses. It was further told immediately following the portion of the instructions of which complaint is made, that it had to decide

the case on the basis of the evidence before it. At no point did the court instruct the jury as to the effect that the jury was to give any evidence or lack of evidence. Nor did it discuss the effect that the failure to produce the gun used in the shooting might have on the State's case. In short, we perceive no error.

### 4.

█ Appellant's final contention is that the court erred by failing to instruct the jury on all of the necessary elements of attempted murder. Specifically, appellant states: "[t]he court omitted any reference to an absence of excuse, justification, or mitigation, sometimes loosely referred to as 'malice' which of course is a necessary ingredient of the crime of murder, and thus of attempted murder." Unfortunately for him, appellant did not preserve this issue for review.

Md.Rule 4–325(e) provides, in pertinent part:

No party may assign as error the giving or the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the grounds of the objection....

Md.Rule 1085 requires that, in order for an appellate court to review the issue, the issue must be tried and decided by the lower court. In this case, after the trial judge had completed his instructions, appellant was asked if he had exceptions. Appellant excepted only to the "right not to testify" instruction and to the court's comments in response to juror questions concerning where the weapon was. He did not object or except to the court's instruction on murder and attempted murder. Therefore, we decline to address the issue.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.