562 A.2d 1234

Anthony E. HARDAWAY

v.

STATE of Maryland.

No. 173, Sept. Term, 1987.

Court of Appeals of Maryland.

Sept. 5, 1989.

William H. Murphy, Jr. (Gary S. Bernstein, both on brief), Baltimore, for appellant.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

ELDRIDGE, Judge.

We issued a writ of certiorari in this case to decide whether it is error for a trial judge to instruct a jury, over a defendant's objection, that the defendant has a constitutional right not to testify and that no adverse inference should be drawn from his election to remain silent. We conclude that, absent special circumstances, giving this instruction after a defendant has objected to it is error.

In October 1986, Anthony Hardaway was tried before a jury in the Circuit Court for Baltimore City on a charge of attempted murder. Mr. Hardaway did not testify at the trial. At the conclusion of testimony and prior to instructing the jury, the trial judge met with counsel in his chambers. At the chambers conference, defense counsel requested that the court not instruct the jury that Mr. Hardaway had a right not to testify and that no adverse inference should be drawn from his failure to testify. The trial judge nevertheless instructed the jury as follows:

"Now, as you have seen, the defendant himself did not take the witness stand to testify in his own defense. Every individual has that absolute constitutional right not to testify. You must not presume or infer any guilt because the defendant chose not to take the stand to testify."

When defense counsel approached the bench and made an objection, the following exchange took place:

"Court: '[T]he reason I gave the instruction is because on occasion I have found that jurors comment that they thought the defendant was somehow barred from testifying because he didn't testify. Now, I know that sounds totally irrational to people familiar with the justice system like lawyers and judges, but the irrationality exists, but I believe the jury ought to be told that it was the defendant's decision not to testify, rather than the State having or the Court having prevented him from testifying.'

"Defense Counsel: 'Your Honor, I don't think it is important that it is his decision not to testify. It is merely the fact that he didn't testify. Obviously, I advised my client out of the hearing of the jury, that they were not privy to his right and his decision. He was told he had a right to testify. I am not objecting to the substance of the instruction, merely the fact that you gave the instruction.'

"Court: 'I want to explain on the record why I was giving it, notwithstanding the fact that the defense requested not to give it. It is just a fact of life that sometimes jurors get the wrong impression of why things are done, and that is just one way to dispel one irrational notion. We can't dispel all the irrational notions of the jurors....'"

The jury returned a verdict of guilty of attempted murder. After denying the defendant's motion for a new trial, the trial judge imposed a sentence of life imprisonment, suspending all but fifteen years of the sentence.

On appeal, the Court of Special Appeals affirmed, *Hardaway v. State*, 72 Md.App. 592, 531 A.2d 1305 (1987). Thereafter, this Court granted Hardaway's petition for a writ of certiorari, 311 Md. 698, 537 A.2d 262 (1988).

Hardaway does not dispute that the trial judge's cautionary instruction was a correct statement of the law. Rather, he urges us to rule that, as a matter of Maryland law, giving the instruction, after a defendant's request that it not be given, constitutes error. Hardaway reasons that the instruction may inadvertently harm a defendant by calling to the jury's attention the defendant's election not to testify.

The State maintains that the instruction cannot be improper since it benefits the defendant. The State further reasons that because the instruction must be given at a defendant's request, and may be given *sua sponte*, it is not error to give it over a defendant's objection.

The Supreme Court of the United States, in *Lakeside v. Oregon*, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978), held that giving a "no adverse inference" instruction over a defendant's objection does not violate the defendant's Fifth Amendment privilege against self-incrimination. The *Lakeside* Court nevertheless concluded that "[i]t may be wise for a trial judge not to give such a cautionary instruction over a defendant's objection. And each State is, of course, free to forbid its trial judges from doing so as a matter of state law." 435 U.S. at 340, 98 S.Ct. at 1095.

This Court has never flatly addressed the issue in this case as a matter of Maryland common law. In *Lambert v. State*, 197 Md. 22, 78 A.2d 378 (1951), where it does not appear that the defendant requested beforehand that the instruction not be given, the Court held that it was not error for a trial judge to instruct the jury not to infer guilt from the defendant's failure to testify. Nevertheless, *Lambert* is distinguishable from the instant case in which the defen-

dant clearly indicated prior to the giving of the instruction that he did not want it given.[1]

Decisions by courts that have considered this issue as a matter of nonconstitutional state law generally fall into three categories. Some cases support the State's view that giving the instruction over a defendant's objection is permissible. *Harvey v. State,* 187 So.2d 59, 60 (Fla.App.), *cert. denied,* 194 So.2d 619 (Fla.1966); *State v. Baxter,* 51 Haw. 157, 158–159, 454 P.2d 366 (1969), *cert. denied,* 397 U.S. 955, 90 S.Ct. 984, 25 L.Ed.2d 138 (1970); *State v. Garcia,* 84 N.M. 519, 505 P.2d 862, 863 (N.M.App.), *cert. denied,* 84 N.M. 512, 505 P.2d 855 (1972); *State v. Goldstein,* 65 Wash.2d 901, 400 P.2d 368, 369, *cert. denied,* 382 U.S. 895, 86 S.Ct. 189, 15 L.Ed.2d 152 (1965).

A second group of decisions suggests that trial courts not give this instruction over a defendant's objection but holds that doing so is not erroneous. *State v. Piper,* 113 Ariz. 390, 393–394, 555 P.2d 636 (1976); *Kimmel v. People,* 172 Colo. 333, 336, 473 P.2d 167 (1970); *State v. Perry,* 223 Kan. 230, 236, 573 P.2d 989 (1977); *Hill v. State,* 466 S.W.2d 791, 793–794 (Tex.Ct.Crim.App.1971); *Hines v. Commonwealth,* 217 Va. 905, 911, 234 S.E.2d 262 (1977).

A sizable number of cases have held, however, as a matter of state law, that giving this instruction over a defendant's objection is erroneous.[2] *Russell v. State,* 240 Ark. 97, 100, 398 S.W.2d 213 (1966); *People v. Anderson,* 153 Ill.App.3d 542, 106 Ill.Dec. 512, 505 N.E.2d 1303, *app.*

---

1.  In *Pearson v. State,* 28 Md.App. 196, 202, 343 A.2d 916, *cert. granted,* 276 Md. 748 (1975), petition dismissed as improvidently granted, September Term, 1975, No. 113 (filed March 4, 1976), the Court of Special Appeals, foreshadowing the Supreme Court's *Lakeside v. Oregon* decision, held that giving the instruction over a defendant's objection did not violate a defendant's federal constitutional rights. *Pearson* did not consider the state law issue raised in this case.

2.  In addition, at least three states, Connecticut, New York, and Missouri, have statutes or court rules prohibiting a trial judge from giving such an instruction if the defendant requests that it not be given. *See* Conn.Gen.Stat. § 54–84(b); Mo.Rules Crim.Pro. 27.05(b); N.Y.Crim. Pro. § 300.10.

*den.*, 116 Ill.2d 562, 113 Ill.Dec. 304, 515 N.E.2d 113 (1987); *Priest v. State*, 270 Ind. 449, 453-454, 386 N.E.2d 686 (1979); *Gross v. State*, 261 Ind. 489, 491-492, 306 N.E.2d 371 (1974); *State v. Kimball*, 176 N.W.2d 864, 869 (Iowa 1970); *Commonwealth v. Buiel*, 391 Mass. 744, 746, 463 N.E.2d 1172 (1984); *People v. Hampton*, 394 Mich. 437, 438, 231 N.W.2d 654 (1975); *State v. Thompson*, 430 N.W.2d 151, 153 (Minn.1988). *See also People v. Molano*, 253 Cal.App.2d 841, 847, 61 Cal.Rptr. 821 (1967).

Several of the cases which hold that it is error to give the instruction over a defendant's objection reason that, while the instruction is designed to benefit the defendant, it may not always be beneficial. Therefore, if the defendant believes in a particular case that the instruction is not beneficial, he should be able to forego it. This reasoning is typified by the Iowa Supreme Court in *State v. Kimball*, *supra*, where the court held (176 N.W.2d at 869):

"[T]he instruction is a comment on defendant's failure to testify even though it is supposedly for defendant's benefit and is designed to keep the jury from speculating on the reasons for his failure to take the stand and drawing improper inferences therefrom. There are those who believe the instruction is more harmful than helpful and regardless of how favorably to the accused the instruction may be worded it may inadvertently cause the jurors to consider certain adverse inferences which would not otherwise have entered their minds.

"Because of the divergent opinions in this sensitive area and as the giving of even a cautionary instruction favorable to defendant may violate the spirit of *Griffin v. State of California* [380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)], supra, we believe it is advisable for us to take a definitive position on this issue. We now hold that such instruction should not be given in any future trial unless it is requested by defendant, and that it will be considered error if it is given, absent such

request, in any trial...." [3]

■ It is clear that the purpose of the cautionary instruction is to protect the defendant in the exercise of his constitutional privilege against self-incrimination. *See, e.g., Lakeside v. Oregon, supra,* 435 U.S. at 339, 98 S.Ct. at 1095; *Anglin v. State,* 244 Md. 652, 662, 224 A.2d 668, 673 (1966), *cert. denied,* 386 U.S. 947, 87 S.Ct. 984, 17 L.Ed.2d 877 (1967); *Lambert v. State, supra,* 197 Md. at 28–29, 78 A.2d 381. In fact, the entitlement to have the jury instructed that no adverse inference should be drawn from the defendant's silence is itself a constitutional right belonging to the defendant. *Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981).

■ As the cautionary instruction is a right of the defendant, for the purpose of protecting the defendant, it should,

---

**3.** Justice Stevens, dissenting in *Lakeside v. Oregon,* 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978), articulated many of the reasons why a defendant should decide whether the instruction should be given (435 U.S. at 345–348, 98 S.Ct. at 1098–1099):

"In some trials, the defendant's silence will be like 'the sun ... shining with full blaze on the open eye.' *State v. Cleaves,* 59 Me. 298, 301 (1871). But in other trials—perhaps when the whole story has been told by other witnesses or when the prosecutor's case is especially weak—the jury may not focus on the defendant's failure to testify. For the judge or prosecutor to call it to the jury's attention has an undeniably adverse effect on the defendant. Even if jurors try faithfully to obey their instructions, the connection between silence and guilt is often too direct and too natural to be resisted. When the jurors have in fact overlooked it, telling them to ignore the defendant's silence is like telling them not to think of a white bear."

\*      \*      \*      \*      \*      \*

"It is unrealistic to assume that instructions on the right to silence always have a benign effect. At times the instruction will make the defendant's silence costly indeed.... the State must have a strong reason for ignoring the defendant's request that the instruction not be given. Remarkably, the Court fails to identify any reason for overriding the defendant's choice. Eliminating the instruction on request costs the State nothing, other than the advantage of calling attention to the defendant's silence. A defendant may waive his Fifth Amendment right to silence, and a judge who thinks his decision unwise may not overrule it. The defendant should also be able to waive, without leave of court, his lesser right to an instruction about his Fifth Amendment right to silence."

like other rights, be waivable by the defendant. The observation by Chief Judge Murphy for the Court, in *Rice v. State,* 311 Md. 116, 129, 532 A.2d 1357 (1987), is applicable here:

"In [*State v.*] *McKay* [, 280 Md. 558, 375 A.2d 228 (1977),] we delved into the fundamental nature of the right to jury unanimity, and whether the right was waivable. We reasoned that the right was not an imperative requirement, but rather existed for the defendant's benefit; hence, like other fundamental rights, such as those to counsel and to confront witnesses, it can be waived."

As previously mentioned, courts have recognized the possibility that the instruction may not always, in fact, benefit the defendant. The Illinois court stated in *People v. Anderson, supra,* 106 Ill.Dec. at 515, 505 N.E.2d at 1306, as follows:

"[I]t has been recognized that while this instruction is intended to benefit a defendant by cautioning the jury not to infer guilt from his failure to testify, it might, on the other hand, have the negative effect of calling the jury's attention thereto. Courts have therefore held that the choice of whether the instruction will be used is the defendant's, and that the giving of it over his objection is error."

Since the instruction is a right of the defendant, for his benefit, but because the beneficial effect of the instruction may be uncertain in some circumstances, it follows that the decision whether the instruction is given should lie with the defendant. As stated by the Supreme Judicial Court of Massachusetts in *Commonwealth v. Buiel, supra,* 391 Mass. at 746–747, 463 N.E.2d at 1173–1174:

"We have no hesitancy in announcing for the future that it will be reversible error if a judge instructs the jury concerning a defendant's right not to testify when the defendant has requested that no such instruction be given. It is difficult to determine whether such an instruction is beneficial to a particular defendant or to defendants as a group. On the one hand, it warns the jury

against drawing inferences adverse to the defendant from his not testifying. On the other hand, such an instruction may focus the jury's attention on the question why the defendant decided not to assist the jury in their fact-finding function. The rule we announce is not constitutionally based. It is simply a statement of the law of the Commonwealth for cases tried after this date that the defendant has the choice."

The Arkansas Supreme Court, in *Russell v. State, supra,* 240 Ark. at 100, 398 S.W.2d at 215, explained that

"the instruction ought not to be given against the wishes of the defendant. If the accused is to have the unfettered right to testify or not to testify he should have a correlative right to say whether or not his silence should be singled out for the jury's attention."

The commentators are in accord. *See* Green, *The Failure to Testify Instruction,* 14 Willamette L.Rev. 43, 51 (1977):

"The most sensible of the various judicial approaches is to allow the defendant to decide whether the instruction should be given in any particular case. The desirability of the instruction is a matter of trial strategy, and will therefore vary from case to case. The purpose of the instruction is to prevent the jury from considering the defendant's silence as evidence of guilt, and the defendant himself will normally be in the best position to decide whether or not the giving of the instruction will serve this end."

*See also, e.g., McCormick on Evidence* § 131 at 320 (E. Cleary 3d ed. 1984); Note, *Jury Instruction on the Failure of an Accused to Testify: A Defense Strategy,* 5 W.New Eng.L.Rev. 227, 234–235 (1982); *Maryland Criminal Pattern Jury Instructions* 3:17.

The views set forth above are in accord with the approach taken by this Court generally with respect to defendants' rights and entitlements in criminal cases. In *Jones v. State,* 297 Md. 7, 16, 464 A.2d 977 (1983), we quoted approvingly

from the Supreme Court's opinion in *Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966):

" 'In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate.' 384 U.S. at 874–875, 86 S.Ct. at 1851, 16 L.Ed.2d at 986...."

And in *Curtis v. State*, 284 Md. 132, 147, 395 A.2d 464 (1978), we stated that "[a] defendant may forego a broad spectrum of rights which are deemed to fall within the category of tactical decisions by counsel...." *See also Hagans v. State*, 316 Md. 429, 455, 559 A.2d 792 (1989) (trial court ordinarily should not *sua sponte* give a jury instruction on an uncharged lesser included offense, as it is a matter of "strategy which is best left to the parties").

▮ There may be special circumstances when giving the "no inference" instruction over a defendant's objection is appropriate. For example, in a trial of multiple defendants, where one defendant requests the instruction while another objects to it, the constitutional right of the former defendant to the instruction must take precedence. *See, e.g., Lucas v. State*, 499 N.E.2d 1090 (Ind.1986); *People v. Brooks*, 124 Ill.App.3d 222, 79 Ill.Dec. 551, 463 N.E.2d 1326 (1984). Absent special circumstances like these, however, the defendant's expressed preference should be determinative.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AND REMAND THE CASE TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR A NEW TRIAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.

BLACKWELL, J., concurs in the result only.