700 A.2d 795

**Walter Duff KISSINGER**

v.

**STATE of Maryland.**

**No. 1703, Sept. Term, 1996.**

Court of Special Appeals of Maryland.

Sept. 25, 1997.

Victoria S. Lansburgh, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Kathryn Grill Graeff, Asst. Attorney General (J. Joseph Curran, Jr., Attorney General, Baltimore, and Sandra A. O'Connor, State's Attorney for Baltimore County, Towson, on the brief), for appellee.

Submitted before CATHELL and SONNER, JJ., and ROBERT C. MURPHY, Judge (retired), Specially Assigned.

SONNER, Judge.

A jury for the Circuit Court for Baltimore County convicted Walter Duff Kissinger of attempted robbery with a deadly weapon,for which he received a sentence of fifteen years' imprisonment. At the close of the trial, the court (Cadigan, J.), without a request from appellant, issued an "anti-inference" instruction to the members of the jury, advising them of the defendant's constitutional right not to testify and that no adverse inference should be drawn from his election to remain silent. Appellant has noted this appeal and alleged that the giving of that instruction without his request constitutes error.

## Questions Presented

1. Did counsel for appellant object to the antiinference instruction so as to preserve the issue for appellate review?

2. Did the trial court err in giving an antiinference instruction without the defendant's request?

## Factual Background

According to the testimony of the witnesses at trial, the victim, William S. Naylor, was visiting with some friends in the parking lot of a WaWa Store on North Point Boulevard,

when appellant approached him and asked for some directions. When Naylor stated that he could assist him, appellant requested that Naylor accompany him to his car, which was parked nearby at Donovan's Lounge, so that he could get paper and pencil to write down the directions. When they reached Donovan's Lounge, appellant motioned Naylor toward some steps, at the top of which he claimed he would be able to find a pen and a piece of paper. Naylor described the steps as being enclosed on both sides, making it difficult for Naylor's friends to watch him ascend to the top. As they reached the top of the stairs, Naylor testified that appellant pulled out a gun, pointed it at Naylor's chest, and said, "Give me your money or . . . something is going to happen . . ."

Instead of complying, Naylor grabbed the gun with one hand and appellant's throat with his other and wrestled appellant to the foot of the steps. A friend of Naylor's, Dennis Nugent, saw the struggle and quickly approached from the WaWa Store to see what was happening. In the meantime, appellant succeeded in releasing Naylor's hold on the gun and told Nugent to "back off." Both Naylor and Nugent managed to flee, and Naylor went to a fire station in the vicinity, where he called the police. Officer Charles Hornbarger arrived at the scene first, interviewed Naylor, and, as a result of other information, he arrested appellant at a home of one of his friends who resided nearby.

Appellant did not testify at trial. During instructions to the jury at the close of the case, the trial court issued an instruction as follows:

> The Defendant did not testify in this case. The Defendant has an absolute constitutional right not to testify. The fact that the Defendant did not testify must not be held against the Defendant. It must not be considered by you in any way or even be discussed by you.

The court did not advise appellant's counsel of his intention to give that instruction prior to addressing the jury. After instructions, appellant's counsel remarked to the court:

Your honor, I want to make an exception to one of your instructions that wasn't requested and you gave and I am not going to argue it, but I am going to make my exception. You instructed the Jury about inferences with respect to someone testifying. That was not an instruction that anybody requested and it's an instruction that I never requested.

The court replied, "Okay. You have your exception."

Appellant has noted a timely appeal to this Court.

## I.

### Legal Analysis

■ Preliminarily, we must determine if appellant objected to the instruction and properly preserved the issue for our review. Objections to jury instructions must comply with Maryland Rule 4–325(e), which states, in pertinent part:

No party may assign as error the giving or the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the ground for the objection.

The State contends that the language used and the exchange do not make clear the ground for the objection and, as a consequence, the issue is unpreserved. We disagree. Although the objection to the instruction may not appear to be "distinct," it is clear that counsel, as well as the court, were referring to that which informed the jury not to draw any inferences from the defendant's failure to testify. To conclude otherwise would require us to find in the court's instructions to the jury some other statement about inferences and testimony. There is no such other instruction.

It is clear to us, as indeed it appears that it was clear to the court, that appellant's counsel was referring to the no adverse inference instruction about which appellant complains on appeal, and the court, by saying, "Okay. You have your excep-

tion." succeeded in making the objection distinct and in compliance with the rule.

Appellee directs us to *Bowman v. State*, 337 Md. 65, 650 A.2d 954 (1994), in which Chief Judge Robert Murphy, in sustaining the conviction, held that an objection to an instruction in that case did not satisfy the requirements of the Rule. But, in that opinion, Judge Murphy pointed out that Bowman's counsel did not give his reasons for the dissatisfaction. Here, counsel told the court that he had not requested the instruction, which is the only reason he could give to the court for his objection. The instruction was not erroneous and, consequently, there was nothing that the court could do at that point to overcome appellant's objection. Further elaboration and objection would have been futile and useless. We hold, therefore, that, by his objection, Kissinger did comply with Rule 4–325(e) and preserve the issue for appellate review. Nevertheless, as we will point out below, compliance with that rule is not the means by which defendants must exert the tactical right to avoid having the court give an undesired, but correct, instruction about the law.

## II.

The Supreme Court, in *Lakeside v. Oregon*, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978), held that giving a "no adverse inference" instruction over defendant's objection does not violate a defendant's constitutional rights. The Court stated that "it may be wise for a trial judge not to give such a cautionary instruction over defendant's objection. And each state is, of course, free to forbid its trial judges from doing so as a matter of state law." *Id.* at 340, 98 S.Ct. at 1095. Maryland is a state that has held, as a part of our common law, that the giving of the instruction over objection is error and requires reversal. *See Hardaway v. State*, 317 Md. 160, 562 A.2d 1234 (1989). The instruction, although designed to benefit the defendant, regardless how favorably or accurately worded, nevertheless may inadvertently cause the jurors to consider inferences that would not otherwise have entered their minds. It is clearly the defendant's option to exercise.

In effect, the Court of Appeals has held that the right must be waived by the defendant, just like the right to have a unanimous jury verdict. *Hardaway*, at 167, 562 A.2d 1234.

█ This case, however, raises the issue whether, with no notice to the defendant in advance of instructing the jury, the giving of the no adverse inference instruction constitutes error. We hold that it does not. *Hardaway* did not overrule an earlier case, *Lambert v. State*, 197 Md. 22, 78 A.2d 378 (1951), which upheld a conviction when the court, on its own, without request from the defendant, gave an instruction similar to that which the court gave in this case. Judge Eldridge, in *Hardaway*, explicitly noted the distinction:

> In *Lambert v. State*, ... where it does not appear that the defendant requested beforehand that the instruction not be given, the Court held that it was not error for a trial judge to instruct the jury not to infer guilt from the defendant's failure to testify. Nevertheless, *Lambert* is distinguishable from the instant case in which the defendant clearly indicated prior to the giving of the instruction that he did not want it given.

*Hardaway*, at 163, 562 A.2d 1234.

We believe that *Lambert* is still controlling. The defendants in criminal trials in this State must exercise the option before the judge instructs the jury. Objecting after instruction affords the court no opportunity to correct the "error." There is no possible way that the court, when uninformed in advance of the defendant's tactical wish not to call attention to his failure to testify, can "unring the bell" by giving a curative instruction. For us to interpret *Hardaway* otherwise, so as to require that the court notify the defendant in advance and obtain permission from the defendant, would mean that the only time the court could give such an instruction would be upon the request of the defendant. Stated another way, we hold that appellant's failure to request an anti-inference instruction is not the equivalent of a request that it not be given. This is in accord with Judge Eldridge's statement in *Hardaway*, at 169, 562 A.2d 1234, that there may be "special

circumstances when giving the 'no inference' instruction over defendant's objection may be appropriate . . ." Our decision makes clear the requirement for the defendant to take the step of informing the court in advance of instruction not to cover the undesired but, nevertheless, correct constitutional principle. The tactical right, after all, is bottomed on our common law and not on the Fifth and Fourteenth Amendments of the United States Constitution and, as such, can be conditioned upon the necessity to exercise the right in conformance with State rules and procedures.

We hold, therefore, that, since the defendant in this case did not exercise his option and notify the court before the court instructed the jury, there was no error in the giving of the instruction, and we affirm.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**